## PEOPLE v ROBBINS

Docket No. 65851. Submitted November 7, 1983, at Lansing.—Decided March 6, 1984.

Michael D. Robbins was convicted by a jury in Washtenaw Circuit Court of breaking and entering an occupied dwelling with the intent to commit larceny. The next day, he was convicted of being a second-felony offender and was sentenced to a term of from 6-1/2 to 15 years imprisonment on the breaking and entering conviction. That sentence was immediately vacated and supplanted with a sentence of from 7 to 22-1/2 years imprisonment on the habitual offender conviction, William F. Ager, Jr., J. Defendant appeals. *Held:*

1. The trial court did not abuse its discretion by refusing defendant's motion for mistrial premised on remarks made by the prosecutor in his opening statement. The prosecutor's remarks were a fair introduction to highly probative testimony.

2. The trial court did not err in denying the jury's request to rehear testimony of six of the nine witnesses. The court specifically left open the possibility that testimony could be reheard if the jury could not resolve its problems during the course of deliberations.

3. The fact that defendant's habitual offender conviction was based on a guilty plea conviction in 1965 at which defendant was not advised of his right of confrontation does not entitle defendant to relief from his habitual offender conviction. The

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 76 Am Jur 2d, Trial § 1080.

[2] 21 Am Jur 2d, Criminal Law § 291.
Propriety of trial court's declaration of mistrial or discharge of jury, without accused's consent, on ground of prosecution's disclosure of prejudicial matter, or making prejudicial remarks in presence of, jury. 77 ALR3d 1143.

[3, 4] 75 Am Jur 2d, Trial § 202.

[5] 76 Am Jur 2d, Trial § 1041 *et seq.*
Right to have reporter's notes read to jury. 50 ALR2d 176.

[6] 21A Am Jur 2d, Criminal Law § 957.

[7] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 5, 9.

rule that an habitual offender conviction cannot be based on a guilty plea conviction at which the defendant was not advised of his right of confrontation applies only to guilty pleas taken after June 2, 1969.

Affirmed.

1. CRIMINAL LAW — MISTRIAL.

A motion for a mistrial indicates that a party feels that something which has occurred during the course of trial precludes the trier of fact from rendering an unprejudiced verdict.

2. CRIMINAL LAW — PROSECUTORIAL COMMENT — MISTRIAL.

The governing standard where the allowance of erroneous prosecutorial comments is complained of is whether the error is of such magnitude that the granting of a mistrial is a manifest necessity.

3. CRIMINAL LAW — PROSECUTORIAL COMMENT — OPENING ARGUMENT — MISTRIAL.

The question of whether the allowance of a prosecutor's comments during opening argument amount to error necessitating a mistrial is a matter of discretion for the trial judge and will not be reversed absent a clear abuse of discretion.

4. TRIAL — OPENING ARGUMENT.

Opening argument is the appropriate time to state the facts to be proven at trial.

5. TRIAL — JURY — REQUEST TO REHEAR TESTIMONY.

A trial court abuses its discretion where (1) it denies the jury's request to rehear testimony and (2) forecloses the possibility that such a rehearing will ever be granted.

6. CRIMINAL LAW — GUILTY PLEAS — RIGHT OF CONFRONTATION.

A defendant must be advised of his right of confrontation before his guilty plea may be properly accepted.

7. CRIMINAL LAW — GUILTY PLEAS — HABITUAL OFFENDERS — RIGHT OF CONFRONTATION.

It was not error for a trial court to deny a defendant's motion to quash a supplemental information charging him as a second-felony offender where the supplemental information relied on a prior guilty plea conviction at which the defendant was not informed of his right of confrontation and the prior conviction occurred in 1965; the rule that an habitual offender conviction cannot be based on a guilty plea conviction at which the

defendant was not advised of his right of confrontation applies only to guilty pleas taken after June 2, 1969.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* Assistant Prosecuting Attorney, for the people.

*Gerald J. Van Wambeke,* for defendant on appeal.

Before: Hood, P.J., and R. B. Burns and R. M. Shuster,* JJ.

Per Curiam. Following a jury trial in the Washtenaw County Circuit Court, defendant was convicted of breaking and entering an occupied dwelling with the intent to commit larceny. MCL 750.110; MSA 28.305. On the next day, following the conclusion of a bench trial, he was convicted of being a second-felony offender. MCL 769.10; MSA 28.1082. Thereafter defendant was sentenced to serve a term of from 6-1/2 to 15 years imprisonment for the breaking and entering. However, this sentence was immediately vacated and supplanted with a sentence of from 7 to 22-1/2 years imprisonment on the habitual offender conviction. Defendant now appeals as of right.

The evidence may be briefly summarized. David Kircher, owner and resident of an apartment building in Ypsilanti testified that he had left his dwelling on December 25, 1981, to go to Washington, D.C. At that time, he left defendant, one of his tenants and a part-time employee, in charge of the premises. Nobody was given permission by Kircher to enter his apartment.

On December 26, 1981, defendant reported to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the police that Kircher's apartment had been broken into. The prosecution presented five witnesses who testified that defendant had admitted breaking into Kircher's apartment and stealing some items. On December 29 or 30, 1981, defendant sold a ring identified by Kircher as his high school class ring to one Shannon Sheldon. Defendant claimed that he had found the ring in front of the apartment house after the larceny. Defendant denied having committed the breaking and entering and larceny.

Defendant's first claim on appeal is that the trial court erred in denying his motion for a mistrial after the close of the prosecutor's opening statement. The motion was premised on the following remarks made by the prosecutor, which defendant contends impermissibly presented to the jury other uncharged criminal activity:

"The defendant, also it will come out, the defendant conned the victim out of about $500 regarding the return of the victim's stolen property preying upon the victim's want and desire to get his property back. Testimony will show that this defendant set him up, said that if he gave him $500 bucks he'd cough up the property and our victim coughed up the $500 and the slippery defendant shot out the back door. That's the last he saw of the money and he never did get the property back."

Traditionally, a motion for a mistrial indicates that a party feels that something which has occurred during the course of trial precludes the trier of fact from rendering an unprejudiced verdict. *People v Yarbrough,* 78 Mich App 81, 86; 259 NW2d 248 (1977), *vacated* 402 Mich 920; 271 NW2d 430 (1978), *aff'd on rehearing and remand* 86 Mich App 105; 272 NW2d 345 (1978). The governing standard where prosecutorial error is

complained of is whether the error is of such magnitude that the granting of a mistrial is a "manifest necessity". *People v Benton,* 402 Mich 47, 56-58; 260 NW2d 77 (1977). Whether the allowance by a trial court of a prosecutor's comments during opening argument amounts to error necessitating a mistrial is a matter of discretion for the trial judge and will not be reversed absent a clear abuse of discretion. *People v Jansson,* 116 Mich App 674, 690; 323 NW2d 508 (1982). In this case, the trial court did not abuse its discretion by refusing to grant a mistrial. Opening argument is the appropriate time to state the facts to be proven at trial. *People v Nard,* 78 Mich App 365, 374-375; 260 NW2d 98 (1977); GCR 1963, 507.1. There was considerable testimony that defendant took $500 from Kircher in exchange for Kircher's stolen goods. The testimony, if believed, showed that defendant engaged in some activity with the stolen property. Particularly, given defendant's effort to sell Kircher his own property, that testimony was highly probative on the issue of whether defendant broke into Kircher's residence with an intent to steal. The prosecutor's remarks were a fair introduction to that testimony.

Defendant next asserts that his conviction must be reversed because the trial court abused its discretion in denying the jury's request to rehear testimony of six of the nine witnesses. The trial judge told the jurors that it would take five hours to replay the testimony, that they should "trade notes" and attempt to resolve any problems they might have concerning the testimony, and, if they felt that after further deliberations they still had problems, they should make another request to rehear the testimony.

In *People v Howe,* 392 Mich 670, 677-678; 221

NW2d 350 (1974), the Michigan Supreme Court held that a trial judge abuses his discretion when: (1) he denies a request to rehear testimony, *and* (2) forecloses the possibility that such a rehearing will ever be granted. Here, the trial court specifically left open the possibility that testimony could be reheard if the jury could not resolve its problems during the course of deliberations. In fact, after 1-1/2 hours of deliberations, the jury requested that it be allowed to hear one witness's testimony, which request was granted. The instant case is similar to, but even more compelling for affirmance than, *People v Joseph,* 114 Mich App 70; 318 NW2d 609 (1982), *lv den* 417 Mich 877 (1983). Particularly in light of *Joseph,* where two jury requests for a rehearing of the complainant's testimony were made, neither was honored, and no later jury request was made, we see no error by the judge in his handling of this jury's request to rehear testimony.

Defendant's final claim on appeal is that his habitual offender conviction must be reversed because his 1965 larceny conviction was defective under *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972). Defendant filed a motion to quash the supplemental information in the trial court. The transcript of the 1965 plea proceedings shows that he was not told of his right to confront his accusers at trial. Under *Jaworski, supra,* p 29, the confrontation right is one which a defendant must be advised of before his guilty plea may be properly accepted.

The trial court denied defendant's motion to quash because *Jaworski* was not the law in 1965 when defendant's plea was taken. We agree with the trial court's reasoning. While the Michigan Supreme Court recently held in *People v Craw-*

*ford,* 417 Mich 607; 339 NW2d 630 (1983), that, in some circumstances, a conviction defective under *Jaworski* cannot be used as a predicate offense for purposes of a supplemental information, we find *Crawford* inapplicable here. It is our view that *Crawford* applies only to guilty pleas taken after June 2, 1969, the date *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969), was decided. *Jaworski, supra,* is based upon *Boykin.* Footnote 5 of *Crawford* reveals that the defendant's guilty plea there occurred *11 days after Boykin* was decided. See *People v McMillan,* 389 Mich 114; 204 NW2d 682 (1973), and *Crawford, supra,* fn 5. Because this defendant's guilty plea came in 1965, he is not entitled to relief from his habitual offender conviction.

Affirmed.