## PEOPLE v GONZALEZ

Docket No. 101803. Submitted March 15, 1989, at Grand Rapids. Decided July 18, 1989. Leave to appeal applied for.

Following a preliminary examination, Jesus Gonzalez was bound over for trial in Kent Circuit Court on charges of open murder, carrying a concealed weapon, and possession of a firearm during the commission of a felony. At the conclusion of a jury trial, defendant was convicted of first-degree murder and felony-firearm. The trial court, Stuart Hoffius, J., denied a subsequent motion for a new trial or judgment notwithstanding the verdict. Defendant appealed.

The Court of Appeals *held:*

1. Assuming without deciding that the prosecutor needed to have presented at preliminary examination some proof of premeditation and deliberation, sufficient proof thereof in support of a bindover on a charge of open murder was established by testimony indicating that defendant was engaged in a brawl with the victim, and that defendant produced a gun and shot twice at the victim while the victim was retreating.

2. Defendant's conviction was not against the great weight of the evidence. The trial court did not abuse its discretion in denying the motion for a new trial.

3. Premeditation and deliberation were proven beyond a reasonable doubt at trial.

4. Any error committed by the prosecutor at closing argument with regard to his comment that defendant could be convicted of first-degree murder on the basis of a finding of premeditation and deliberation on the part of another individual who had also been implicated in the homicide was harmless in the absence of prejudice to defendant.

Affirmed.

REFERENCES

Am Jur 2d, Appeal and Error §§ 18, 499, 545, 608; Criminal Law §§ 411 *et seq.*; Homicide § 52, 263 *et seq.*, 463.

See the Index to Annotations under Appeal and Error; Arguments of Counsel; Homicide; Murder; Preliminary or Pretrial Matters; Premeditation.

1. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — MAGISTRATES.

   The examining magistrate at a preliminary examination must determine whether a crime has been committed and whether there is probable cause to believe that the defendant committed it; the prosecutor at the preliminary examination must offer evidence as to each element of the charged offense, but is not required to prove the elements of the crime beyond a reasonable doubt (MCL 766.13; MSA 28.931).

2. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — APPEAL.

   A reviewing court will not disturb a magistrate's determination at a preliminary examination unless there is a clear abuse of discretion.

3. HOMICIDE — FIRST-DEGREE MURDER — PREMEDITATION — DELIBER-
   ATION.

   Time spent by one charged with first-degree murder in premeditating and deliberating the alleged homicide may be minimal; it need only be shown that sufficient time elapsed between homicidal intent and act that the defendant was allowed to take a second look at his actions.

4. CRIMINAL LAW — APPEAL — VERDICT AGAINST GREAT WEIGHT OF
   EVIDENCE.

   A claim that the verdict is against the great weight of the evidence can be raised only in a motion for a new trial; an appellate court will reverse a conviction on this basis only where there was an abuse of discretion in denying the motion for a new trial; that is, where the denial was manifestly against the clear weight of the evidence.

5. CRIMINAL LAW — APPEAL — EVIDENCE — SUFFICIENCY OF EVI-
   DENCE.

   A court reviewing a claim that there was insufficient evidence to support a conviction will review the record to determine whether sufficient evidence was introduced to justify a trier of fact in reasonably concluding that the defendant is guilty beyond a reasonable doubt.

6. HOMICIDE — EVIDENCE — PREMEDITATION — DELIBERATION.

   Premeditation and deliberation need not be established by direct evidence, but may be inferred from all the facts and circumstances established on the record; evidence of the following nonexclusive factors may establish premeditation: (1) the previous relationship of the parties, (2) the defendant's actions prior to the actual killing, (3) the circumstances of the killing itself, and (4) the defendant's conduct after the homicide.

7. Criminal Law — Closing Argument — Prosecutorial Comment
   — Preserving Question.

   Appellate review of a prosecutor's closing argument is precluded
   in the absence of an objection at trial unless failure to consider
   the issue would result in a miscarriage of justice; a miscarriage
   of justice will not be found based on the prosecutor's comments
   if any prejudicial effect could have been eliminated by a timely
   jury instruction, had one been requested.

8. Criminal Law — Closing Argument — Prosecutorial Comment.

   A prosecutor is free at closing argument to relate the facts to his
   theory of the case and to argue the evidence and all reasonable
   inferences therefrom.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, and *Timothy K. McMorrow,* Chief Appellate Attorney, for the people.

*Howard & Quinn, P.C.* (by *Michael B. Quinn*), for defendant on appeal.

Before: Weaver, P.J., and Murphy and Griffin, JJ.

Per Curiam. Following a jury trial, defendant was convicted of first-degree murder, MCL 750.316; MSA 28.548, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to life imprisonment without parole and two years imprisonment on the felony-firearm conviction. Defendant now appeals as of right and we affirm.

On July 6, 1986, at approximately 2:00 a.m., police officers were dispatched to My Place bar on South Division in Grand Rapids. There, in the parking lot, they found the body of Nathan Jaramillo. About fifty people were milling around the parking lot.

On the night of the shooting, defendant, Chris Guy, Patrick Jones and Joe Cedillo had been driv-

ing around town drinking beer, smoking marijuana and talking. They ended up at My Place where defendant saw his girl friend, Melinda Rodriquez.

Melinda testified that she came out of the bar into the back parking lot to talk with defendant. She hugged him and did not feel a gun. As far as she knew, he did not own one. Jaramillo had told her that he was going to "get" defendant. Melinda passed this information on to defendant. She had seen Jaramillo with a gun in his car and she also saw him carry a gun in his coat pocket.

Security guard Pablo Angiano testified that he saw defendant and Jaramillo arguing in the parking lot. Eventually, they began fighting, with Jaramillo apparently in control of the fight. Another person ran up and hit Jaramillo in the head with a gun, knocking him off defendant. The gun handle broke off, and the third person aimed the gun at Jaramillo, who ducked. Angiano saw defendant get up off the ground with a gun in his hand. Angiano heard gunshots and then saw Jaramillo fall down. Angiano said that defendant fired two shots, took a couple of steps forward, fired another shot and then took off running.

Douglas VanTuinen, a customer at the bar, testified that he watched defendant and Jaramillo argue and then fight. Jaramillo was winning when another man ran past VanTuinen and hit Jaramillo with a gun, knocking him off defendant. The other man fired a shot a Jaramillo. VanTuinen saw defendant holding a gun, take a few steps and shoot Jaramillo. He assumed that defendant had pulled the gun from his waistband.

Defendant testified in his own behalf. He stated that on July 5, 1986, he drank beer and socialized at his father's birthday party. He then rode around town with his friends. He went to the My

Place bar to see his girl friend, Melinda, and spoke with her. Jaramillo drove up after he finished talking to Melinda and he and Jaramillo began to argue. They began to fight, with defendant ending up on the ground. Defendant claimed that Jaramillo reached inside his belt for a gun and defendant tried to grab it. Jaramillo suddenly got off defendant. Defendant then heard someone say "he's got a gun" and heard a shot. Defendant then shot twice at Jaramillo because he thought Jaramillo was trying to kill him. He denied any plan to fight with or to kill Jaramillo.

The jury found defendant guilty of first-degree murder and felony-firearm. Defendant was acquitted of a charge of carrying a concealed weapon. Defendant then filed a motion for a new trial or judgment notwithstanding the verdict. Defendant claimed that the verdict was against the great weight of the evidence because the evidence did not show premeditation and deliberation. After conducting a hearing, the lower court denied defendant's motion. Defendant now appeals as of right raising numerous issues.

Defendant first contends that the prosecutor did not present sufficient evidence of premeditation and deliberation to support his bindover from district court to circuit court on a charge of open murder. We disagree.

MCL 766.13; MSA 28.931 requires the magistrate to bind over a defendant if it appears, after a preliminary examination, that a crime has been committed and there is probable cause to believe that the defendant committed it. *People v Martin*, 150 Mich App 630, 634; 389 NW2d 713 (1986). Proof beyond a reasonable doubt of each element is not required. *People v McManus*, 121 Mich App 380, 385; 328 NW2d 636 (1982), lv den 417 Mich 1100.4 (1983). This Court will not substitute its

judgment for that of the magistrate but may reverse only if it appears that the magistrate abused his discretion. *People v Talley,* 410 Mich 378, 385; 301 NW2d 809 (1981).

We note that there is some dispute whether it is necessary for the prosecutor to present evidence of premeditation and deliberation at the preliminary examination where the defendant is charged with open murder. In *People v Johnson,* 427 Mich 98, 108; 398 NW2d 219 (1986), Justice BOYLE opined that those elements need not be proven. In analyzing the open murder statute, MCL 767.71; MSA 28.1011, she concluded that the Legislature had no intention of requiring proof of premeditation and deliberation at the preliminary examination. Justice BOYLE's opinion was joined by Justices BRICKLEY and RILEY. Justice WILLIAMS' concurring opinion is not clear as to whether he agreed with Justice BOYLE on this matter. However, we need not resolve this issue in this case because we are satisfied that even if deliberation and premeditation were required to be shown by the prosecutor at this stage, the burden was met.

The security guard testified at the preliminary examination that defendant and the victim were fighting when defendant produced a gun. He further testified that the victim began to "duck walk," apparently in an attempt to flee into the bar, and that defendant took a few steps and shot the victim two times.

Premeditation and deliberation require sufficient time to allow the defendant to take a second look at his actions. *People v Tilley,* 405 Mich 38, 44-45; 273 NW2d 471 (1979). This time interval may be minimal. *Id.* Based upon our review of the record, we are satisfied that defendant was properly bound over on a charge of open murder. There was no abuse of discretion.

Defendant next contends that his conviction is against the great weight of the evidence. An objection going to the weight of the evidence can be raised only by a motion for a new trial. On appeal, this Court reviews a denial of such a motion for abuse of discretion. *People v Bradshaw,* 165 Mich App 562, 565; 419 NW2d 33 (1988). An abuse will be found only where the trial court's denial of the motion was manifestly against the clear weight of the evidence. *Id.*

After thoroughly reviewing the evidence produced at trial, we find no abuse of discretion in the lower court's denial of defendant's motion.

Defendant next argues that the evidence produced at trial was insufficient to establish beyond a reasonable doubt the necessary elements of premeditation and deliberation. We disagree.

This Court in *People v Furman,* 158 Mich App 302, 308; 404 NW2d 246 (1987), lv den 429 Mich 851 (1987), reiterated the standard for reviewing a sufficiency of the evidence claim as it relates to a first-degree murder charge by stating:

When reviewing a claim of insufficient evidence, we review the record to determine whether sufficient evidence was introduced to justify a trier of fact in reasonably concluding that the defendant is guilty beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), cert den sub nom *Michigan v Hampton,* 449 US 885 (1980). To premeditate is to think about beforehand; to deliberate is to measure and evaluate the major facets of a choice or problem. *People v Vail,* 393 Mich 460, 468; 227 NW2d 535 (1975), quoting *People v Morrin,* 31 Mich App 301; 187 NW2d 434 (1971). Premeditation and deliberation characterize a thought process undisturbed by hot blood. *Vail, supra.* While the minimum length of time needed to exercise this process is incapable of exact determination, a sufficient interval between

the initial thought and the ultimate action should be long enough to afford a reasonable man an opportunity to take a "second look" at his contemplated actions. *Vail, supra,* p 469. See, also, *People v Tilley,* 405 Mich 38, 45; 273 NW2d 471 (1979).

Premeditation and deliberation need not be established by direct evidence, but may be inferred from all the facts and circumstances established on the record. *People v Hoffmeister,* 394 Mich 155, 158-159; 229 NW2d 305 (1975), reh den 394 Mich 944 (1975); *People v Conklin,* 118 Mich App 90, 93; 324 NW2d 537 (1982). Evidence of the following nonexclusive factors may establish premeditation: (1) the previous relationship of the parties; (2) the defendant's actions prior to the actual killing; (3) the circumstances of the killing itself; and (4) the defendant's conduct after the homicide. *People v Johnson,* 93 Mich App 667; 287 NW2d 311 (1979).

The facts of this case are surprisingly similar to those in *Tilley, supra.* In *Tilley,* there was a fight between the victim and the defendant that broke out and ended quickly. Here, the fight lasted only a few minutes. In *Tilley,* the victim retreated into a restaurant. Here, the victim tried to retreat into the bar. In *Tilley,* there was some time lapse between the defendant's obtaining the gun and actually shooting it. Here, also, defendant claims to have taken the gun from the victim. Witnesses stated that defendant shot, took a few steps and then shot again. The time, although minimal, was enough to allow defendant to take a second look at his actions. As in *Tilley,* if the witnesses are believed, defendant was in control of the situation and did not need to actually shoot the victim in order to end the fight. We also note that there was hot blood between defendant and the victim apparently over the victim's relationship with defendant's girl friend. There had been previous confrontations between the two men. This evidence

points to some motive for defendant's killing the victim. In addition, defendant ran away and obtained false identification attempting to conceal his involvement in the killing. These facts also point to premeditation and deliberation. We are satisfied that the prosecutor presented sufficient evidence to show premeditation and deliberation.

Defendant next argues that he was denied a fair trial when the prosecutor argued an aiding-and-abetting theory during his closing argument.

The prosecutor stated the following during his closing argument:

> Second degree murder, for our purposes here, basically just means that Mr. Gonzalez killed Mr. Jaramillo, didn't really think too much about it, had the intent to kill but didn't really reflect on it, didn't have premeditation, didn't have deliberation. *If you find that either he or Mr. Cedillo showed premeditation, then Mr. Gonzalez is guilty of first degree murder.* But if you find that Mr. Gonzalez acted essentially on his own, that all of this other stuff is a coincidence, then you've got to find that it's a second degree murder. You don't have to, I'm sorry, you're free to do what you want. But what I'm saying is this: A second degree murder is an intentional killing without premeditation or deliberation. [Emphasis added.]

Defendant did not object. During rebuttal, the prosecutor returned to the idea that defendant and Cedillo acted together. At that point, defendant objected. After the court instructed the jury, the prosecutor complained that the court had not instructed on his theory of aiding and abetting. The trial court stated that the evidence did not support the instruction.

We initially note that defendant failed to timely object and specifically cite the grounds for his

belated objection. For these reasons, appellate review is precluded absent a miscarriage of justice. A miscarriage of justice will not be found based on the prosecutor's comments if any prejudicial effect could have been eliminated by a timely instruction, had one been requested. *People v Duncan,* 402 Mich 1, 16-17; 260 NW2d 58 (1977). A prosecutor's closing argument must be read as a whole to determine whether the prosecutor improperly commented upon the evidence. *People v Cowell,* 44 Mich App 623, 627; 205 NW2d 600 (1973). The prosecutor is free to argue the evidence and all reasonable inferences from the evidence as it relates to his theory of the case. *People v Roberson,* 167 Mich App 501, 509; 423 NW2d 245 (1988).

In this case, in order for Cedillo's premeditation and deliberation to be transferred to defendant on an aider-and-abettor theory, defendant must have either intended to aid the substantive offense or participated while knowing that the co-participant possessed the requisite intent. *People v Davenport,* 122 Mich App 159, 164; 332 NW2d 443 (1982). The prosecutor failed to mention that aspect of the law in his argument. Rather, the prosecutor stated defendant was guilty of first-degree murder if either Cedillo or defendant showed premeditation. Nonetheless, in order to warrant reversal, defendant must have been prejudiced by the prosecutor's argument. We believe that this alleged error did not prejudice defendant to the extent that any error could not have been eliminated by a timely instruction, had one been requested. *Duncan, supra.* Simply, we conclude that any error resulting from the prosecutor's comments was harmless. We also note that the trial court did not further draw attention to this matter by instructing on the prosecutor's misstated theory of aiding and abetting. Rather, it instructed the jury that

what the attorneys said was merely argument and not to be considered as evidence. Defendant's remaining claims of error warrant neither discussion nor reversal.

Affirmed.