PEOPLE v DOWELL

Docket No. 152618. Submitted April 7, 1993, at Lansing. Decided May 4, 1993, at 9:00 A.M.

Donna F. Dowell was charged in the Jackson Circuit Court with embezzlement from a financial institution and embezzlement of more than $100 by an agent. The court, Alexander C. Perlos, J., dismissed the charges after refusing to grant the prosecution's request for a seventh continuance in more than two years. The prosecution appealed.

The Court of Appeals *held:*

The power to grant or refuse a continuance is within the sound discretion of a trial court. That discretion was not abused in this case.

Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Joseph S. Filip,* Prosecuting Attorney, and *Jerrold Schrotenboer,* Chief Appellate Attorney, for the people.

*Jacobs & Engle, P.C.* (by *Wendell E. Jacobs, Jr.*), for the defendant.

Before: GRIFFIN, P.J., and REILLY and FITZGERALD, JJ.

PER CURIAM. Defendant was charged with single counts of embezzlement from a financial institution, MCL 750.180; MSA 28.377, and embezzlement of more than $100 by an agent. MCL 750.174; MSA 28.371. Following a hearing held on May 18, 1992, the case against defendant was dismissed with prejudice when the prosecutor was unable to proceed to trial. The people now appeal as of right, and we affirm.

The power in a criminal case to grant or deny a continuance is within the sound discretion of the trial court. *People v Bettistea,* 173 Mich App 106, 124; 434 NW2d 138 (1989). In the present case, the trial court refused to grant the prosecutor's request for a seventh continuance in this criminal matter that had been pending for more than two years. The prosecutor concedes that he was aware that the trial court would grant no further continuances, and the record reflects that the case was dismissed when the prosecutor was unable to proceed on the final scheduled trial date. After thorough review, we cannot say that the trial court abused its discretion.

Affirmed.