PEOPLE v AUSTIN

Docket No. 143504. Submitted May 16, 1994, at Grand Rapids. Decided April 3, 1995, at 9:40 A.M.

David N. Austin was convicted by a jury in the Charlevoix Circuit Court, Richard M. Pajtas, J., of two counts of first-degree criminal sexual conduct, following the court's rejection of a guilty plea that the defendant had offered pursuant to a plea agreement with the prosecutor, because the plea was not offered until after the cutoff date for the offering of such pleas contained in the court's previously entered scheduling order. After the defendant, in separate proceedings, pleaded guilty of fourth-degree criminal sexual conduct and of being an habitual offender, he was sentenced to two terms of life imprisonment for the first-degree criminal sexual conduct convictions and to one to two years' imprisonment for the fourth-degree criminal sexual conduct conviction. The defendant appealed.

The Court of Appeals *held:*

1. The rules of civil procedure apply in criminal cases. MCR 2.401(B)(1)(b) provides that a trial court may enter a scheduling order· setting time limitations for the processing of a case. Accordingly, the trial court had the authority to enter the scheduling order that required that any guilty plea be entered before the date set forth in the scheduling order. MCR 6.301(A) provides that a court may refuse to accept a defendant's guilty plea "pursuant to the rules." Despite the nonbinding staff comment suggesting that a court can refuse to accept a guilty plea only where the plea fails to comply with the rules in subchapter 6.300, permitting a trial court to refuse to accept a plea for any violation of any applicable court rule, including the failure to comply with a properly entered scheduling order, is consistent with the intent of MCR 6.002 that the court rules relating to criminal procedure "are to be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay."

2. The trial court did not abuse its discretion in refusing to

REFERENCES

Am Jur 2d, Appeal and Error §§ 545, 553; Criminal Law § 486.
See ALR Index under Appeal and Error; Criminal Law; Guilty Plea.

grant a mistrial after a juror admitted learning of a newspaper article regarding the defendant, because it is clear that the juror had no firsthand knowledge of the article, had heard only about a small portion of the article, had not communicated what little he had heard to the other jurors, and had based the decision in the case on the evidence rather than the contents of the article. Accordingly, the defendant was not prejudiced, and the trial court properly refused to order a mistrial.

3. The trial court did not foreclose any possibility that the jury could have testimony reread to it. The court clearly indicated that the jury could wait for a transcription of the victims' testimony, hear the audio tape recording of that testimony, or rely on its collective memory of the testimony. Because the jury reached a verdict without making a further request, it is obvious that it decided to rely on its collective memory.

4. The defendant determined not to pursue a particular line of questioning before the court had the opportunity to rule concerning whether that line of questioning was precluded by the rape-shield law. Accordingly, the question whether the rape-shield law was applicable was not preserved for appeal.

5. Although it was improper for the prosecutor to ask the defendant to comment concerning the credibility of the prosecution witnesses, any prejudice resulting from that questioning could have been cured by an appropriate cautionary instruction. Accordingly, the failure to object at trial precludes appellate review.

6. The life sentences imposed in this case were proportionate to the offenses and the offender.

7. Remanding this case to the trial court in order to have challenged information deleted from the presentence report is not necessary, because the trial court expressly stated that it was not considering the challenged information in imposing sentence.

Affirmed.

DOCTOROFF, C.J., dissenting, stated that the defendant's convictions should be reversed because the trial court was without authority under the court rules to refuse to accept the defendant's guilty plea. The failure to offer a plea in accordance with a scheduling order entered by the trial court is not one of the reasons for which a court can refuse to accept a guilty plea.

1. CRIMINAL LAW — GUILTY PLEAS — COURT RULES — SCHEDULING ORDERS.

A trial court in a criminal case may enter a scheduling order

requiring that any guilty plea be made by a particular date; a trial court may refuse to accept a guilty plea that is offered after the date fixed by a scheduling order for the making of such a plea (MCR 2.401[B][1][b], 6.301[A]).

2. CRIMINAL LAW — EVIDENCE — CREDIBILITY — PRESERVING QUESTION.

It is improper for a prosecutor to ask a criminal defendant during cross-examination to comment concerning the credibility of prosecution witnesses; because the prejudice of such questioning can be cured by a timely objection and a cautionary instruction, the failure to object to such questioning precludes appellate review.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard W. May,* Prosecuting Attorney, and *William E. Molner,* Assistant Attorney General, for the people.

State Appellate Defender (by *Penny R. Beardslee*), for the defendant on appeal.

Before: DOCTOROFF, C.J., and TAYLOR and M. G. HARRISON,* JJ.

TAYLOR, J. Following a jury trial, defendant was convicted of two counts of first-degree criminal sexual conduct, MCL 750.520b(1)(f); MSA 28.788(2) (1)(f), for sexually assaulting two thirteen-year-old girls. Subsequently, defendant pleaded guilty of being an habitual offender, second offense, MCL 769.10: MSA 28.1082, and, in an unrelated case, he pleaded guilty of fourth-degree criminal sexual conduct, MCL 750.520e(1)(a); MSA 28.788(5)(1)(a). Defendant was sentenced to two life terms for the first-degree criminal sexual conduct convictions and to one to two years' imprisonment for the fourth-degree criminal sexual conduct conviction. Defendant appeals as of right. We affirm.

Defendant first argues that the trial court

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

lacked authority to reject a plea agreement arrived at by the prosecution and defendant before trial. We disagree.

The trial court refused to accept the plea, not because of a disagreement with the wisdom of the plea, but because the agreement was reached only one day before trial, June 24, 1991, which was well after the May 13, 1991, plea cutoff date set by the trial court's scheduling order of March 11, 1991.

According to MCR 6.301(A), a court may refuse to accept a defendant's plea "pursuant to the rules." MCR 6.001(D) provides that the rules of civil procedure apply to criminal cases. Further, MCR 2.401(B)(1)(b) establishes that a trial court may enter a scheduling order setting time limitations for the processing of a case. Reading these rules together, it is clear that the trial court had the authority to reject a plea that was entered into after the date set forth in the scheduling order. MCR 2.401(B)(1)(b).

We note that this interpretation of MCR 6.301(A) is in harmony with MCR 6.002, which states that these rules "are to be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay." Furthermore, this construction of MCR 6.301(A) recognizes the trial court's authority to control its docket. See *People v Dowell,* 199 Mich App 554; 502 NW2d 757 (1993). In this case, defendant and the prosecutor reached a plea agreement one day before trial, more than one month after the May 13, 1991, cutoff date. The trial court's refusal to accept defendant's plea agreement enhanced its docket control, eliminated unjustifiable expense and delay, and was, therefore, proper.

Defendant asserts that our interpretation of MCR 6.301(A) is not in accord with the staff com-

ment to subrule A, which suggests that a trial
court has no authority to reject a plea unless the
plea requires the court's consent, MCR 6.301(B)
and (C), or the plea fails to comply with the rules
in subchapter 6.300. Although the staff comments
are of great assistance in interpreting the court
rules, they are "not dispositive on the meaning of
the rules." Martin, Dean & Webster, Michigan
Court Rules Practice, p III. Because we believe the
construction advanced in the staff comment to
MCR 6.301(A) does not comport with the directive
articulated in MCR 6.002, we decline to adopt it.
We hold that a trial court, in its discretion, may
reject a plea that fails to comply with any of the
applicable court rules.

Defendant next argues that the trial court
abused its discretion in denying his motion for a
mistrial after a juror admitted he learned of a
newspaper article regarding defendant. We dis-
agree.

When jurors have been exposed to newspaper
articles concerning the trial in which they are
involved, or regarding other acts of the defendant,
the controlling consideration is whether there has
been prejudice to the defendant. If there has been
no prejudice, the defendant is not entitled to a
new trial or a mistrial. *People v Flinnon,* 78 Mich
App 380, 391; 260 NW2d 106 (1977). In this case,
defendant was not prejudiced when one juror be-
came inadvertently aware of a small portion of the
contents of a newspaper article concerning defen-
dant. The juror did not read the newspaper article
firsthand, did not communicate the contents of the
article to the other jurors, and based his decision
in the case on all of the evidence rather than
solely on the contents of the newspaper article.
Accordingly, we conclude that the trial court did

not abuse its discretion in denying defendant's motion for a mistrial.

We reject defendant's argument that the trial court committed error requiring reversal by foreclosing any possibility of rereading testimony to the jurors during deliberations. See *People v Robbins,* 132 Mich App 616; 347 NW2d 765 (1984). Contrary to defendant's assertion, the trial court did not foreclose the possibility of the jury reviewing transcripts. After the jury requested transcripts of the victims' testimony, the court gave the jury three options. The court informed the jury that it could: (1) wait two hours for the court reporter to produce a transcript of the requested testimony, (2) listen to three hours' worth of testimony on an audio tape recording, or (3) use the jury's collective memory and try to recall the important parts of the requested testimony. The judge gave these instructions to the jury at 2:08 P.M. The jury then returned to the jury room and reached a verdict at 3:32 P.M. Evidently the jurors decided to rely on their collective memory to construe the victims' testimony. The court's articulation of options did not foreclose the possibility of the jury rereading the testimony. *Id.* at 621.

Defendant further argues that the trial court abused its discretion in invoking the rape-shield law, MCL 750.520j; MSA 28.788(10), to exclude evidence regarding a victim's motive to fabricate charges and in failing to hold an in-camera hearing to consider the constitutional ramifications of the exclusion. We decline to address this issue because it has not been preserved for appeal. Despite defendant's failure to comply with the rape-shield statute's notice requirement, the court held an in-camera hearing to determine the relevance of the evidence and whether such evidence would be admissible. MCL 750.520j(2); MSA

28.788(10)(2). However, the court did not rule on the admissibility of this evidence because defendant stated, "I will not pursue this line of questioning, your Honor." Because the court did not rule on the admissibility of this evidence, the issue has not been preserved for appeal.

Defendant argues that the prosecutor committed error requiring reversal in repeatedly requiring defendant to comment concerning the credibility of each of the prosecution's witnesses. We disagree. Because defendant failed to object to the prosecutor's questions, this issue has not been preserved for appeal. Accordingly, appellate review of these allegedly improper remarks by the prosecutor is precluded unless failure to review the issue would result in a miscarriage of justice. *People v Gonzales,* 178 Mich App 526, 534-535; 444 NW2d 228 (1989).

Our Supreme Court has stated that it is improper for a prosecutor to ask a defendant to comment concerning the credibility of prosecution witnesses. *People v Buckey,* 424 Mich 1, 17; 378 NW2d 432 (1985). Like defendant in this case, the defendant in *Buckey* failed to raise in the trial court the objection urged on appeal. *Id.* at 18. The Court stated that a timely objection by defense counsel could have cured any prejudice, either by precluding such further questioning, or by causing the giving of an appropriate cautionary instruction. *Id.* Like the *Buckey* Court, we fail to discern how defendant was harmed by these questions. *Id.* at 17. Any possible prejudice in this case could have been cured by a request for a curative instruction. Accordingly, we hold that no miscarriage of justice would result from our failure to review this issue.

Defendant next argues that the trial court abused its discretion in imposing the maximum

sentence authorized by law. We disagree. Because defendant is an habitual offender, the sentencing guidelines do not apply. *People v Cutchall,* 200 Mich App 396, 409-410; 504 NW2d 666 (1993). Nevertheless, an habitual offender's sentence must comply with the principle of proportionality. *People v Milbourn,* 435 Mich 650; 461 NW2d 1 (1990); *People v Finstrom,* 186 Mich App 342, 345-346; 463 NW2d 272 (1990). Given defendant's criminal history and the psychological impact these crimes had on the victims, we conclude that the sentences imposed were proportionate to the offenses and the offender.

Finally, defendant argues that he is entitled to have the case remanded in order to have challenged information deleted from the presentence report. We find this error harmless in light of the trial court's express statement on the record that the information was not considered in passing sentence. *People v Fisher,* 442 Mich 560, 567, n 4; 503 NW2d 50 (1992).

Affirmed.

M. G. HARRISON, J., concurred.

DOCTOROFF, C.J. *(dissenting).* I respectfully dissent for the reason that the Michigan Supreme Court has clearly indicated, through the staff comment to MCR 6.301(A), that a trial court may reject only those pleas that are not in conformance with the remaining provisions of subchapter 6.300, Pleas. Because there are no allegations and no evidence that the plea agreement violated any of the court rules in subchapter 6.300, i.e., that the plea lacked voluntariness or accuracy, the trial court was without authority to reject the plea agreement entered into by the prosecutor and defendant on the day before trial. I would reverse

defendant's convictions and remand to the trial court for the entrance of a guilty plea in conformance with the plea agreement and for resentencing.