547 N.W.2d 649 (1996)
450 Mich. 971
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
John Michael WATROBA, Defendant-Appellee.
No. 104343, COA No. 160373.
Supreme Court of Michigan.
January 17, 1996.

ORDER
On order of the Court, the application for leave to appeal is considered and, pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals. There was no objection in the trial court. The issue on which the Court of Appeals reversed cannot be considered absent compelling or extraordinary circumstances, People v. Grant, 445 Mich. 535, 546, 520 N.W.2d 123 (1994). On this record, the defendant has not established prejudice. Grant, supra, at 552, 520 N.W.2d 123. We REMAND to the Court of Appeals for consideration of the defendant's other issues.
We do not retain jurisdiction.
*650 LEVIN, J., would deny leave to appeal and dissents from the peremptory reversal of the Court of Appeals.

I
The decision of the Court of Appeals to remand for a new trial because the trial court judge failed to comply with the court rule regarding jury requests for review of the testimony was not so devoid of reason as to justify peremptory reversal. The majority's decision to peremptorily reverse the decision of the Court of Appeals belittles its efforts in the disposition of this case, as reflected in its carefully written opinion, and deprives John Michael Watroba and his counsel of an opportunity to fully brief and orally argue in support of the decision of the Court of Appeals.
Today's peremptory order reflects an increasingly common method of deciding cases, a method that does not provide safeguards against hasty and ill-considered decisions, a method that is unsafe.
When this Court grants leave to appeal, there is an opportunity to educate the justices concerning the state of the record and the law through oral argument, as well as visually through briefs. A justice who may have missed a significant point of law or fact on perusal of the materials considered before voting for peremptory reversal might be enlightened and persuaded in the course of oral argument.
Also lost, when this Court acts without plenary consideration, is the opportunity for conference discussion after oral argument.
Under the Court's rules of internal procedure, also lost in this case was an opportunity for conference discussion after circulation of the peremptory order and this dissenting statement. Peremptory disposition, without plenary consideration, full briefing, oral argument, and an opportunity for the profession to file briefs as amici curiae, should be reserved for cases in which the law is settled and factual assessment is not required.[1] In *651 the instant case, factual and legal assessment is required. The majority states conclusorily, without reasoned explanation, that
[t]here was no objection in the trial court. The issue on which the Court of Appeals reversed cannot be considered absent compelling or extraordinary circumstances, People v. Grant, 445 Mich. 535, 546, 520 N.W.2d 123 (1994).
There is no decision of this Court or reported decision of the Court of Appeals requiring that the defendant's lawyer place on the record an objection to a trial court's ruling concerning a request from the jury for review of the testimony even though the judge did not place on the record the note from the jurors and his colloquy with counsel regarding the jury's request.
The majority peremptorily reverses the Court of Appeals because Watroba's lawyer failed to preserve the issue by objection on the record, but ignores the prosecutor's failure to preserve the issue of the asserted failure to object in his answering brief in the Court of Appeals.[2]
Peremptory disposition is not appropriate.

II
Watroba was convicted of one count of possession with intent to deliver less than 50 grams of cocaine[3] and two counts of possession with intent to deliver over 50 but less than 225 grams of cocaine.[4] Watroba raised a number of issues on appeal,[5] including that the trial court abused its discretion in summarily denying the jury's request to review testimony.
This Court, once again violating the strictures of Const. 1963, art. 6, § 6,[6] fails to provide "a concise statement of the facts and reasons" for its decision. The factual background and the reasoning of the Court of Appeals is set forth in the unpublished opinion per curiam of the Court of Appeals:[7]
Shortly after the jury began deliberation, the jury requested a transcript from the trial court. The trial court stated:
"There was earlier a note that you had requested Exhibits, and I shared it with the lawyers. Exhibits and coffee. And also a transcript. Well, there is no transcript, period. And that's why there's nothing to give you. I mean there's no instant transcript in a case. You have to rely on your memory. I've, I've got no instant transcript that I can hand you."
Although within the trial court's discretion, requests for reading a transcript should normally be granted absent unusual circumstances. People v. Howe, 392 Mich 670, 676; 221 NW2d 350 (1974). A trial court abuses its discretion when it denies a request to rehear testimony and forecloses the possibility that the jury's request will later be granted. People v. Robbins, 132 Mich App 616, 618; 347 NW2d 765 (1984). MCR 6.414(H) incorporated the Howe procedure governing jury requests for review. The rule states:
"Review of Evidence. If, after beginning deliberation, the jury requests a review of certain testimony or evidence, the court must exercise its discretion to ensure fairness and to refuse unreasonable requests, but it may not refuse a reasonable *652 request. The court may order the jury to deliberate further without the requested review, so long as the possibility of having the testimony or evidence reviewed at a later time is not foreclosed." [Emphasis added.]
In Howe, supra, the Supreme Court reversed and remanded for a new trial on the basis that the trial court denied the defendant a fair trial by failing to grant the jury's request for a reading of testimony of the two principal witnesses. 392 Mich 670 [221 N.W.2d 350]. We reach the same conclusion here.
As in Howe, the trial court never indicated to the jury that a more specific request would be granted or that the request would be entertained at a later point. The trial court's failure to tell the jury they could rehear the testimony if, after they resumed deliberations, they still felt it necessary was error. Moreover, the trial court did not indicate it thought the jury's request unreasonable, or that there were unusual circumstances warranting denial of the jury's request. We are mindful that the proceedings were videotaped and, as the court reporter's certificates appended to the trial transcripts indicate, no court reporter was present at trial. However, this Court in People v. White, 144 Mich App 698, 703-704; 376 NW2d 184 (1985), held the trial court's allowing the jury to play a tape recording of testimony they requested to rehear, in lieu of reading from an official transcript or from stenotype notes, was not grounds for reversal where the accuracy of the tape recording had been assured.
Plaintiff asserts that the jury's request was "pro forma." Plaintiff argues that the request, which according to the bailiff's note to the trial court occurred around 10:30 a.m., came too soon after the jury had been instructed (beginning at 9:57 a.m.) to have given the jury sufficient time to reach any disagreement regarding the testimony. However, even if the initial request was regarded as premature, the trial court should not have foreclosed the jury from obtaining a transcript or viewing the videotaped testimony at a later time. Under these circumstances, the trial court's denial of the jury's request to review testimony constituted error requiring reversal.

III
The trial judge said that he "shared" the note from the jury with the lawyers. He did not share it with them on the record. His failure to do so cannot be charged to Watroba or his lawyer. Watroba's appellate lawyer, share it with them on the record. His failure to do so cannot be charged to Watroba or his lawyer. Watroba's appellate lawyer, responding to the prosecutor's application in this Court, asks this Court to take judicial notice "of this trial court's manner of handling defense attorneys and their requests." (Emphasis added.) I would not indulge, as the majority does by summary disposition, this trial judge's summary manner of dealing with issues that arise in the course of trial. Minimally, this Court should remand for a hearing regarding the manner in which the judge "shared" the jury's note with Watroba's lawyer before concluding that the judge did not abuse his discretion, and Watroba's lawyer is to be faulted for failing to put an objection on the record.
Watroba's appellate lawyer observes that the trial judge responded to the jury that "there is no transcript, period." (Emphasis added.) Surely this Court does not need to view the video tape to visualize the tone of "period." The judge thereby, in violation of the court rule, "foreclosed" providing the jury with any review of the testimony or evidence.
This is not a case of a defendant's lawyer failing to object to the introduction of evidence proffered by the prosecutor, or of a failure to object to instructions when an opportunity to do so is provided. Nor is this case like People v. Grant, supra, in which the trial court and both the prosecutor and defense counsel overlooked compliance with a statutory mandate requiring a preliminary instruction before an offer of testimony regarding insanity.
While a lawyer should, when a judge provides an opportunity to do so on the record before ruling, state his position and when appropriate add an objection, lawyers are not expected to, and ordinarily do not, voice objections after the court has ruled. Once a *653 court has ruled, it is generally too late to object, and many judges would take umbrage to objection at that time. The practice of excepting to an adverse ruling has long ago been discarded, and should not today be given renewed credence.
MICHAEL F. CAVANAGH, J., concurs with the statement of LEVIN, J.
NOTES
[1] People v. Wright, 439 Mich. 914, 914-915, 479 N.W.2d 631 (1992) (Levin, J., dissenting); Roek v. Chippewa Valley Bd. of Ed., 430 Mich. 314, 322, 422 N.W.2d 680 (1988) (Levin, J., separate opinion); Grames v. Amerisure Ins. Co., 434 Mich. 867, 868-875, 451 N.W.2d 304 (1990) (Levin, J., dissenting); People v. Little, 434 Mich. 752, 769-770, 456 N.W.2d 237 (1990) (Levin, J., dissenting); People v. Wrenn, 434 Mich. 885, 885-886, 452 N.W.2d 469 (1990) (Levin, J., dissenting); Harkins v. Northwest Activity Center, Inc., 434 Mich. 896, 899, 453 N.W.2d 677 (1990) (Levin, J., dissenting); Dep't of Social Services v. American Commercial Liability Ins. Co., 435 Mich. 508, 515, 460 N.W.2d 194 (1990) (Levin, J., separate opinion); Yahr v. Garcia, 436 Mich. 872, 872-873, 461 N.W.2d 363 (1990) (Levin, J., dissenting); Universal Underwriters Ins. Co. v. Vallejo, 436 Mich. 873, 873-874, 461 N.W.2d 364 (1990) (Levin, J., dissenting); People v. Stephens, 437 Mich. 903, 903-910, 465 N.W.2d 561 (1991) (Levin, J., dissenting); People v. Berkey, 437 Mich. 40, 54, 467 N.W.2d 6 (1991) (Levin, J., dissenting); Turner v. Washtenaw Co. Rd. Comm., 437 Mich. 35, 38-39, 467 N.W.2d 4 (1991) (Levin, J., separate opinion); Lepior v. Venice Twp., 437 Mich. 955, 956-966, 467 N.W.2d 811 (1991) (Levin, J., dissenting); Rochester Hills v. Southeastern Oakland Co. Resource Recovery Authority, 440 Mich. 852, 852-856, 486 N.W.2d 678 (1992) (Levin, J., dissenting); In re Reinstatement of Eston (Grievance Administrator v. Eston), 440 Mich. 1205, 1205-1207, 487 N.W.2d 755 (1992) (Levin, J., dissenting); In re Reinstatement of Callanan, 440 Mich. 1207, 1207-1209, 487 N.W.2d 750 (1992) (Levin, J., dissenting); McFadden v. Monroe Civil Service Comm., 440 Mich. 890, 890-891, 487 N.W.2d 763 (1992) (Levin, J., dissenting); Holly Twp. v. Dep't of Natural Resources (Holly Twp. v. Holly Disposal, Inc.), 440 Mich. 891, 891-893, 487 N.W.2d 753 (1992) (Levin, J., dissenting); Marzonie v. ACIA, 441 Mich. 522, 535-539, 495 N.W.2d 788 (1992) (Levin, J., dissenting); People v. Waleed, 441 Mich. 902, 902-903, 496 N.W.2d 284 (1992) (Levin, J., dissenting); People v. Hardison, 441 Mich. 913, 914-916, 494 N.W.2d 740 (1993) (Levin, J., dissenting); People v. Justice, 441 Mich. 916, 917-919, 495 N.W.2d 376 (1993) (Levin, J., dissenting); People v. LaClear, 442 Mich. 867, 867-871, 497 N.W.2d 490 (1993) (Levin, J., dissenting); Auto-Owners Ins. Co. v. City of Clare, 446 Mich. 1, 16-18, 521 N.W.2d 480 (1994) (Levin, J., dissenting); Weisgerber v. Ann Arbor Center for the Family, 447 Mich. 963, 964-969, 521 N.W.2d 601 (1994) (Levin, J., dissenting); Howard v. White, 447 Mich. 395, 405-410, 523 N.W.2d 220 (1994) (Levin, J., dissenting).

See Schweiker v. Hansen, 450 U.S. 785, 791, 101 S.Ct. 1468, 1472-73, 67 L.Ed.2d 685 (1981) (Marshall, J., dissenting) ("A summary reversal is a rare disposition, usually reserved by this Court for situations in which the law is settled and stable, the facts are not in dispute, and the decision below is clearly in error"); Leis v. Flynt, 439 U.S. 438, 457-458, 99 S.Ct. 698, 708-09, 58 L.Ed.2d 717 (1979) (Stevens, J., dissenting) ("Summary reversal `should be reserved for palpably clear cases of ... error.' Eaton v. Tulsa, 415 US 697, 707 [94 S.Ct. 1228, 1234, 39 L.Ed.2d 693 (1974)] [Rehnquist, J., dissenting]").
[2] The prosecutor noted for the first time that the record did show that an objection had been made in his motion for rehearing filed after the Court of Appeals had issued its opinion.
[3] M.C.L. § 333.7401(2)(a)(iv); M.S.A. § 14.15(7401)(2)(a)(iv).
[4] M.C.L. § 333.7401(2)(a)(iii); M.S.A. § 14.15(7401)(2)(a)(iii).
[5] Although the Court of Appeals found merit in Watroba's argument that the trial court erred in denying his request for substitution of counsel, the Court did not address that or the remaining issues in light of its conclusion that the trial court had erred in denying the jury's request to review testimony.
[6] Decisions of the supreme court, including all decisions on prerogative writs, shall be in writing and shall contain a concise statement of the facts and reasons for each decision and reasons for each denial of leave to appeal. When a judge dissents in whole or in part he shall give in writing the reasons for his dissent. [Const. 1963, art. 6, § 6.]
[7] Issued June 9, 1995, slip op. at 1-2 (Docket No. 160373).