# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LARRY ALLEN MOORE,

        Defendant-Appellant.

UNPUBLISHED
March 26, 2015

No. 319240
Jackson Circuit Court
LC No. 13-004167-FH

Before: WILDER, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as of right from his jury trial conviction of prisoner in possession of a weapon, MCL 800.283(4). The trial court sentenced defendant, as a second habitual offender, MCL 769.10, to 25 to 90 months' imprisonment. We affirm.

## I. FACTS

Parnell Correctional Facility corrections officers searched defendant's cell after receiving a tip that he might be in possession of contraband. At trial, Officer Garrett McFarland testified that he and Officer Martin Hein found nine metal bars wrapped in a cloth and tucked on top of a light bulb. Hein testified that metal bars were not allowed in prisoners' cells because they could be made into "shanks," i.e., weapons. McFarland testified that the metal bars were not sharpened in any way. A roll of tape, a pointed item, and a screwdriver-type item were also found. Hein explained that inmates could not have any pointed item because "they'll attach it to a make-shift handle and they'll stick somebody." At two separate administrative proceedings, defendant pleaded guilty to possession of dangerous contraband, stemming from possession of the screwdriver-type instrument, and possession of a weapon, stemming from possession of the metal bars.

## II. SHACKLING

Defendant argues that he was denied his right to due process of law when he was shackled during trial in plain view of the jury. Generally, a defendant has a due process right to be free of shackles or handcuffs during trial because "[f]reedom from shackling is an important component of a fair trial." *People v Dixon*, 217 Mich App 400, 404; 552 NW2d 663 (1996). When a defendant appears before a jury in shackles, it "negatively affects the defendant's

-1-

constitutionally guaranteed presumption of innocence." *People v Banks*, 249 Mich App 247, 256; 642 NW2d 351 (2002). Ordinarily, such restraints "should be permitted only to prevent the escape of the [defendant] or to prevent him from injuring bystanders . . . or to maintain a quiet and peaceable trial." *People v Dunn*, 446 Mich 409, 425; 521 NW2d 255 (1994). Before a trial court can order a defendant to be restrained, it must make specific findings, on the record and supported by record evidence, that justify restraining the particular defendant. *Deck v Missouri*, 544 US 622, 628-629; 125 S Ct 2007; 161 L Ed 2d 953 (2005). See also *Dunn*, 446 Mich at 425.

Here, defendant did not challenge the trial court's use of shackles. In fact, both defendant and his counsel affirmatively agreed to the shackling as long as defendant had one free hand to write with. This constitutes a waiver of the issue. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). "A defendant may not waive objection to an issue before the trial court and then raise it as an error before this Court." *People v Fetterley*, 229 Mich App 511, 520; 583 NW2d 199 (1998).

Defendant alternatively argues that he was deprived of his right to the effective assistance of trial counsel by counsel's handling of the issue. Because defendant did not move for a new trial, *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000), or request an evidentiary hearing, *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973), this issue is not preserved.

In *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001), our Supreme Court explained that in order to show that he had been denied the effective assistance of trial counsel, a defendant must first show that counsel's performance was deficient, and second, that counsel's "deficient performance prejudiced the defense." *Id.* at 600; see also *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). We presume that counsel provided effective assistance. *People v Unger*, 278 Mich App 210, 242; 749 NW2d 272 (2008).

Again, defendant's own actions preclude a finding of error. Because review is limited to the existing record, *People v Lockett*, 295 Mich App 165, 186; 814 NW2d 295 (2012), we cannot know what discussions counsel and defendant had over the issue beyond the existing record. However, on the record, counsel was careful to make sure the actions being advocated were in accord with the wishes of defendant, including those concerning shackling. Defendant cannot now claim error with respect to a decision he affirmatively approved.

### III. ADMISSION OF EVIDENCE

Defendant next contends that the admission of unduly prejudicial evidence regarding the length of his incarceration denied him a fair trial. Specifically, defendant argues it was error for a hearings investigator to read into the record a statement defendant made during the course of the administrative proceedings that included the following: "I've been locked up for 27 years and have never had any med issues." Defendant failed to preserve the issue by raising a timely objection to the admission of the evidence. See *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). "Unpreserved claims of evidentiary error are reviewed for plain error affecting the defendant's substantial rights." *People v Benton*, 294 Mich App 191, 202; 817 NW2d 599 (2011).

Defendant asserts in his brief to this Court that the statement in issue "is so unrelated to the issues in this case there appears to be no purpose for introducing the statement other than to inform the jurors of the length of [his] incarceration and by extension the fact that he was in prison for a serious and likely violent crime." This appears to be the beginning of a MRE 404(b) bad acts argument. However, defendant neither provides relevant authority nor advances any argument beyond these mere protestations. We will not do so for him. See *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).

Moreover, the predicate of this argument—that the statement was focused on another prison ticket he received regarding possession of medication and did not relate in any way to the charge of being a prisoner in possession of weapons—is inaccurate. Defendant apparently had a dual charge for one of his administrative hearings. The reference to being in prison for 27 years is made in context of the medications portion of the charge. But the statement read into the record concludes as follows: "I'm guilty for the dangerous contraband found." Defendant does not argue on appeal that the statement could have been redacted.

Defendant's argument focuses in large part on MRE 403, which provides, in relevant part: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Unfair prejudice "means more than simply damage to the opponent's cause . . . . What is meant here is an undue tendency to move the tribunal to decide on an improper basis . . . ." *People v Vasher*, 449 Mich 494, 501; 537 NW2d 168 (1995).

Defendant's status as a prisoner was not only known to the jury, but it was an element of the charge filed. And the record does not indicate that any steps were taken to obscure the prison garb and shackles he was wearing when he was called to the stand to testify. Under these circumstances, the issue of how long defendant had been incarcerated did not provide an impetus to adjudicate his guilt or innocence on an improper basis. Moreover, the length of his imprisonment was actually used by defendant to his advantage. During direct examination, defendant testified that "as the prosecutor stated . . . I have been incarcerated . . . over 27 straight years now. I can say this, in 27 straight years of incarceration, I have never assaulted—I have never had a assault ticket; I've never used a weapon on nobody."

Further, defendant cannot show that his substantial rights were impacted in light of the evidence adduced. The record clearly demonstrates that defendant was in possession of the items underlying his conviction. Indeed, defendant admitted that he was in possession of the items. He had innocent explanations for having the items, but the issue of intent was not relevant to the charge.

Defendant's ineffective assistance of counsel argument predicated on this evidence also fails. Under the circumstances, defense counsel's failure to object to the admission of defendant's testimony to the hearing investigator could have been a choice of sound trial strategy. See *People v Rodgers*, 248 Mich App 702, 716; 645 NW2d 294 (2001). Specifically, it was consistent with his attempt to explain his benign retention of the items. If he had not been cited for assault in all his years in prison, then it is likely that he was holding and using the items for the innocent reasons he provided. Additionally, given the evidence, including defendant's

own testimony, he cannot show that but for counsel's error, there was a reasonable probability that the results of the proceedings would have been different.

## IV. PROSECUTORIAL MISCONDUCT

Defendant also asserts that the prosecutor's improper mischaracterization of the evidence deprived him of his due process right to a fair trial. In her closing argument, the prosecutor stated that the "screwdriver and even needles are considered weapons" by the corrections officers. The prosecution also said that "[t]hese are some sharpened objects, even sharpened edges on these metal bars, and they're metal." Defendant argues that the statements were not consistent with the record.

In order to preserve a prosecutorial misconduct issue, a defendant must either contemporaneously object or request a curative instruction. *People v Brown*, 279 Mich App 116, 134; 755 NW2d 664 (2008). Here, defendant did neither. Unpreserved claims are reviewed for plain error, which means that defendant has the burden to show that (1) an error occurred, (2) the error is plain or obvious, and (3) the error affected a substantial right. *People v Cross*, 281 Mich App 737, 738; 760 NW2d 314 (2008). Reversal is warranted only "if the defendant is actually innocent or the error seriously undermined the fairness, integrity, or public reputation of the trial." *People v Pipes*, 475 Mich 267, 274; 715 NW2d 290 (2006). In a prosecutorial misconduct context, reversal is necessary only if a timely instruction would have been inadequate to cure any defect. *People v Ackerman*, 257 Mich App 434, 449; 669 NW2d 818 (2003).

Claims of prosecutorial misconduct are reviewed case by case, with the prosecutor's remarks evaluated in the context of the entire record. *People v Dobek*, 274 Mich App 58, 64; 732 NW2d 546 (2007). A prosecutor may argue the evidence and all reasonable inferences from the evidence. *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995). However, a prosecutor "may not argue facts not in evidence or mischaracterize the evidence presented." *People v Watson*, 245 Mich App 572, 588; 629 NW2d 411 (2001). The prosecutor's comments are evaluated in light of defendant's arguments and the relationship they bear to the evidence. *People v Brown*, 267 Mich App 141, 152; 703 NW2d 230 (2005). The propriety of a prosecutor's statements and comments depends on all of the facts of the case. *People v Rodriguez*, 251 Mich App 10, 30; 650 NW2d 96 (2002).

Here, the prosecutor stated in her closing argument that screwdrivers and needles are considered weapons by the corrections officers and the metal bars were sharpened. Hein testified the items were "dangerous contraband," which he said was "a step lower than weapon." He also explained that "[d]angerous contraband, weapons, I believe it's the same." McFarland testified that the metal bars were not sharpened in any way and they were in their original condition. Accordingly, the prosecutor argued facts not in evidence. Nonetheless, this plain error does not require reversal because defendant cannot demonstrate that there is a reasonable probability of a different outcome. The record shows that defendant possessed the items that may be used to injure a prisoner or other person, contrary to MCL 800.283(4).

Moreover, the jury was instructed before their deliberations as following:

> When you discuss the case and decide on your verdict you may only consider the evidence that has been properly admitted in this case . . . . Evidence includes only the sworn testimony of witnesses and any of the exhibits that have been admitted into evidence . . . .

> The lawyers' statements and arguments are not evidence. They are only meant to help you understand the evidence and each side's legal theories.

"Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors." *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003). Thus, the trial court's instructions cured any potential prejudice.

Defendant alternatively argues that he was denied his right to the effective assistance of counsel when counsel failed to object to the prosecutorial misconduct. Again, however, defendant cannot show the requisite prejudice. Defendant admitted his possession of the items and the record showed that they may be used to injure a prisoner or other person in violation of MCL 800.283(4). Under the circumstances, there is no reasonable likelihood of a different result occurring had defense counsel objected.

Affirmed.

/s/ Kurtis T. Wilder
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens