PEOPLE v DIXON

Docket No. 154939. Submitted February 20, 1996, at Grand Rapids. Decided July 5, 1996, at 9:00 A.M. Leave to appeal sought.

Lamont Dixon was convicted by a jury in the Kalamazoo Circuit Court, Philip D. Schaefer, J., of armed robbery and possession of a firearm during the commission of a felony. He then pleaded guilty of being a second-offense habitual offender. He was sentenced to two years' imprisonment for the felony-firearm conviction and twenty-five to sixty years' imprisonment for the armed robbery conviction, to be served consecutively. He appealed.

The Court of Appeals *held*:

1. The defendant's claim that he was denied equal protection of the law and the right to an impartial jury drawn from a representative cross section of the community because the process used in Kalamazoo County to allocate prospective jurors from a general source list to the circuit court venires systematically excluded African Americans from the venires was forfeited because his challenge to the jury array was not made until after his jury had been impaneled and sworn and, therefore, was not advanced in a timely fashion.

2. The trial court did not abuse its discretion in requiring the defendant to wear shackles and belly chains in the courtroom. Evidence of the defendant's prior conduct supported the decision.

3. Appellate review of whether the defendant's right to remain silent was violated during his cross-examination by questions concerning whether he had ever informed the police of his alibi defense was forfeited because the defendant failed to object to the cross-examination and did not allege that any comments were made in the presence of the jury regarding his silence after his receipt of *Miranda* warnings.

4. The defendant failed to preserve for appellate review allegations regarding the shifting of the burden of proof, improper comments by the prosecutor, ineffective assistance of trial counsel, the prosecutor's failure to produce a res gestae witness, and the trial court's failure to advise the defendant of the maximum possible sentence.

5. The defendant knew the existence of an alleged eyewitness before trial but failed to reveal the information until the morning of his sentencing. Such information was not newly discovered and does not entitle the defendant to a remand to determine if the prosecutor's failure to produce the alleged res gestae witness deprived the defendant of a fair trial.

6. The trial court did not make an independent finding of guilt regarding an arson charge that was dismissed pursuant to the terms of the plea agreement used to secure the defendant's habitual offender conviction and did not sentence the defendant on the basis that the defendant was an arsonist.

7. The defendant's allegation of error in the trial court's scoring of prior record variables does not require a remand for resentencing because the sentencing guidelines do not apply to habitual offender convictions and the trial court did not rely on the guidelines in fashioning the defendant's sentence.

8. The defendant's twenty-five-year minimum sentence is proportionate.

Affirmed.

1. CRIMINAL LAW — EQUAL PROTECTION — CHALLENGE TO JURY ARRAY — PRESERVING QUESTION.

An allegation that a defendant's right to equal protection and an impartial jury drawn from a representative cross section of the community is violated by a process that allocates prospective jurors from a general source list to circuit court venires and systematically excludes African Americans is not timely where the defendant does not challenge the jury array until after the jury has been impaneled and sworn.

2. CRIMINAL LAW — TRIAL — RESTRAINT OF DEFENDANT.

The shackling of a defendant during trial is permitted only in extraordinary circumstances, such as to prevent the defendant from escaping or injuring others in the courtroom or to maintain an orderly trial; the decision to restrain a defendant is reviewed on appeal for an abuse of discretion under the totality of the circumstances.

3. CRIMINAL LAW — RIGHT TO REMAIN SILENT — FAILURE TO ADVANCE EXCULPATORY EXPLANATIONS.

A prosecutor's cross-examination of a defendant regarding the defendant's failure to advance an exculpatory explanation upon arrest entitles the defendant to a remand of the case for an evidentiary hearing where the record does not indicate if or when the defendant received *Miranda* warnings; the defendant may forfeit the right

to an evidentiary hearing, however, by failing to allege sufficient facts to justify a remand, such as that a comment was made in the presence of the jury regarding the defendant's silence following the receipt of *Miranda* warnings.

4. CRIMINAL LAW — INEFFECTIVE ASSISTANCE OF COUNSEL — PRESERVING QUESTION.

A defendant's failure to create a testimonial record in the trial court regarding a claim of ineffective assistance of counsel forecloses appellate review unless the record contains sufficient detail to support the claim.

5. CRIMINAL LAW — RES GESTAE WITNESSES — FAILURE TO PRODUCE — PRESERVING QUESTION.

A claim that a prosecutor failed to produce a res gestae witness is not preserved for appellate review where the defendant does not raise the issue in the trial court in a motion for a posttrial evidentiary hearing or a motion for a new trial.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *James J. Gregart*, Prosecuting Attorney, and *Judith B. Ketchum*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *F. Michael Schuck*), for the defendant on appeal.

Before: MARKEY, P.J.., and HOLBROOK, JR., and M. J. MATUZAK,* JJ.

PER CURIAM. Following a mistrial, and on retrial, defendant was convicted by a jury of armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant then pleaded guilty of being a second-offense habitual offender, MCL 769.10; MSA 28.1082. He was sentenced to the mandatory two years' imprisonment for the felony-firearm conviction to be served consecutively to a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

twenty-five to sixty-year term of imprisonment imposed for the armed robbery conviction. Defendant appeals as of right. We affirm.

I

Defendant's convictions arise from an armed robbery and shooting that occurred on January 1, 1992, in the City of Kalamazoo. As Martin Marlowe, James Alexander, and John Rogers sat talking in Alexander's vehicle, which was parked in the driveway behind Marlowe's residence, they were approached by three males, one of whom was defendant, and asked if they wished to purchase narcotics. Alexander responded negatively. Defendant and his companions then walked away from the vehicle. A short time later, defendant and his companions returned to Alexander's vehicle, displayed firearms, and ordered the occupants from the vehicle. Marlowe, Alexander, and Rogers got out of the vehicle. They were then told to empty their pockets. As Marlowe and Rogers complied, Alexander pushed one of the robbers and fled. In the resulting chaos, Marlowe, Alexander, and Rogers were able to escape, but not before Alexander suffered a gunshot wound to the right calf.

Defendant denied any involvement in the robbery or the shooting. He testified that on the evening in question he was at the home of his grandmother, then at the home of a friend, and finally at the University Inn with a friend and her two companions.

II

Defendant argues that he was denied his right to the equal protection of the law and his right to an impartial jury drawn from a representative cross sec-

tion of the community because the process used by Kalamazoo County to allocate prospective jurors from a general source list to its circuit court venires systematically excluded African Americans from those venires. Unlike in *People v Hubbard* (After Remand), 217 Mich App 459, 465; 552 NW2d 493 (1996), defendant's challenge to his jury array was not made until after his jury had been impaneled and sworn. Accordingly, the challenge was not advanced in a timely fashion. *People v McCrea*, 303 Mich 213, 278; 6 NW2d 489 (1942); *Hubbard, supra* at 465. Moreover, after defendant raised his untimely challenge, he failed to create a factual record to support his claim. In fact, defendant declined the trial court's offer to summon the county's jury clerk to testify about the allocation process. On this record, defendant has forfeited appellate consideration of this issue.

III

Defendant next argues that he was denied a fair trial when the trial court required him to wear shackles and belly chains in the presence of the jury. We disagree.

Freedom from shackling is an important component of a fair trial. *People v Williams*, 173 Mich App 312, 314; 433 NW2d 356 (1988). Consequently, the shackling of a defendant during trial is permitted only in extraordinary circumstances. *People v Jankowski*, 130 Mich App 143, 146; 342 NW2d 911 (1983). Restraints should be permitted only to prevent the escape of the defendant, to prevent the defendant from injuring others in the courtroom, or to maintain an orderly trial. *People v Dunn*, 446 Mich 409, 426; 521 NW2d 255 (1994). This Court reviews a decision

to restrain a defendant for an abuse of discretion under the totality of the circumstances. *Williams, supra* at 314-315.

The trial court based its decision to restrain defendant during trial on information contained in documents maintained by the Department of Corrections and the Kalamazoo County Jail. Defendant's extensive institutional misconduct record, as detailed in these documents and as summarized by the trial court, demonstrates that defendant lacks respect for authority, lacks the discipline to conform his behavior to accepted norms, and has a tendency toward violence. Prior conduct of this nature amply supports the trial court's decision to require defendant to wear shackles and belly chains while in the courtroom. *People v Julian,* 171 Mich App 153, 160-162; 429 NW2d 615 (1988).

IV

Defendant also argues that he was denied a fair trial by several instances of prosecutorial misconduct. We disagree.

Defendant contends that his Fifth Amendment right to remain silent was impermissibly infringed upon when the prosecutor questioned him concerning whether he had ever informed the police of his alibi defense. Defendant has forfeited appellate consideration of this issue.

A defendant waives his privilege against self-incrimination when he takes the stand and testifies. *People v Alexander,* 188 Mich App 96, 102; 469 NW2d 10 (1991). Consequently, the defendant may be impeached with evidence of both prearrest and postarrest silence without violating the Fifth Amendment

as long as the silence precedes the advising of the defendant of his rights pursuant to *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966). *Alexander, supra.* Where silence follows the receipt of *Miranda* warnings, however, the Fourteenth Amendment right to due process bars the use of such silence to impeach the defendant's exculpatory explanation at trial provided the defendant does not claim to have told the police the same version upon arrest, *People v Sutton (After Remand),* 436 Mich 575, 580, 592; 464 NW2d 276 (1990), or to have cooperated with the police, *People v Vanover,* 200 Mich App 498, 503; 505 NW2d 21 (1993). Generally, when a prosecutor cross-examines a defendant regarding the defendant's failure to advance his exculpatory explanation upon arrest and the record is unclear regarding whether, and, if so, when, the defendant received his *Miranda* warnings, the procedure is to remand the case to the trial court for an evidentiary hearing. *Alexander, supra* at 105. The defendant may forfeit his right to an evidentiary hearing, however, if the defendant fails to allege sufficient facts to justify a remand, i.e., that any comment was made in the presence of the jury regarding the defendant's silence following the receipt of *Miranda* warnings. *Weir v Fletcher,* 680 F2d 437, 438 (CA 6, 1982).

In the case before us, defendant not only failed to object to the prosecutor's cross-examination of defendant regarding his failure to inform the police of his alibi defense but also failed to set forth any allegations of fact in his appellate brief from which we can infer the need for a remand. Under these circumstances, we deem defendant's claim forfeited.

Defendant next contends that the prosecutor used her closing argument to shift the burden of proof to defendant to prove his alibi defense. Defendant failed to object below to the prosecutor's now-challenged remarks. Accordingly, defendant's claim of misconduct is not preserved for our review. *People v Gonzalez*, 178 Mich App 526, 534-535; 444 NW2d 228 (1989). This Court will not review an unpreserved claim of prosecutorial misconduct unless the failure to do so will result in a miscarriage of justice. *Id.* No miscarriage of justice will result absent our review. When read in context, the prosecutor's remarks constitute permissible comment concerning the weakness of defendant's alibi defense and his failure to produce his corroborating alibi witnesses. *People v Holland*, 179 Mich App 184, 190-192; 445 NW2d 206 (1989).

Likewise, defendant failed to preserve for appellate review his contention that the prosecutor shifted the burden of proof by suggesting to prospective jurors that defendant had to establish a reason to doubt his guilt. *Gonzalez, supra.* No miscarriage of justice will result absent review because the prosecutor conveyed no such concept of reasonable doubt to the array. *People v Jackson*, 167 Mich App 388, 391; 421 NW2d 697 (1988).

Defendant also did not preserve for appeal his contention that the prosecutor improperly implied during argument that defendant had committed other robberies. *Gonzalez, supra.* Again, no miscarriage of justice will result absent appellate review. The prosecutor's now-challenged comments do not suggest that defendant committed other armed robberies for which he was not charged in this case. Instead, when read in context, the comments merely contain a refer-

ence to armed robbers in general and constitute an explanation that armed robbers, as a class, tend to commit crimes under circumstances that make their apprehension by police less likely. Moreover, the comments came in response to defendant's argument that the prosecutor had failed to present any physical evidence linking defendant to the armed robbery for which he was charged and that the prosecutor had presented only questionable identification testimony to establish defendant's involvement in the robbery. Under such circumstances, defendant's right to a fair trial was not compromised. *People v Lawton*, 196 Mich App 341, 353-354; 492 NW2d 810 (1992); *Gonzalez, supra.*

V

Defendant argues that trial counsel rendered ineffective assistance. Defendant failed to create a testimonial record in the trial court with regard to his claims of ineffective assistance. This failure forecloses appellate review unless the record contains sufficient detail to support defendant's claims. *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973); *People v Barclay*, 208 Mich App 670, 672; 528 NW2d 842 (1995); *People v Hedelsky*, 162 Mich App 382, 387; 412 NW2d 746 (1987). The record before us lacks sufficient detail for us to evaluate defendant's claims that his counsel was ineffective in failing to object to the prosecutor's impeachment of defendant with evidence of his silence, in failing to present the alibi testimony of three witnesses, in failing to produce at trial various police reports, school records, and motel records, in failing to instruct defendant not to mention his prior criminal record during testimony, and in

failing to obtain transcripts of defendant's first trial for impeachment purposes. Accordingly, appellate review of these claims is precluded.

Defendant's contention that counsel rendered ineffective assistance in failing to object to the prosecutor's burden-shifting comments lacks merit. As previously explained, the prosecutor made no such comments. Accordingly, we reject defendant's contention. *People v Pickens*, 446 Mich 298, 302-303, 314; 521 NW2d 797 (1994).

VI

Defendant argues that he was deprived of his right to a fair trial by the prosecutor's failure to produce a res gestae witness at trial. Defendant failed to preserve this issue for review because he did not raise the issue below in a motion for a posttrial evidentiary hearing, *People v Pearson*, 404 Mich 698, 722-723; 273 NW2d 856 (1979), or in a motion for a new trial, *People v Jacques*, 215 Mich App 699, 702; 547 NW2d 349 (1996); *People v Jackson*, 178 Mich App 62, 66; 443 NW2d 423 (1989). Accordingly, we decline consideration of this issue.

We also decline defendant's invitation to remand this case for an evidentiary hearing pursuant to *Pearson, supra*. On the morning of sentencing, defendant informed his counsel and the trial court of the existence of an eyewitness to the robbery and shooting that could allegedly substantiate his innocence. Defendant also informed the court that he had visited the eyewitness at her home on the night of the robbery and shooting, but after the robbery and shooting had occurred. The eyewitness allegedly told defendant the identity of the individual who committed the

robbery and shooting. While a remand may be appropriate when newly discovered evidence arises, *People v Hernandez*, 443 Mich 1, 11; 503 NW2d 629 (1993), no such evidence has been shown to exist here. Defendant's admission establishes that he knew of the existence of the eyewitness well before trial commenced and failed to come forward with that information. A remand is unwarranted under these circumstances.

VII

Defendant next argues that he is entitled to withdraw his guilty plea regarding the habitual offender charge because the trial court failed to advise him of the maximum possible sentence for the offense as required by MCR 6.302(B)(2). Defendant failed to file a motion to withdraw his plea in the trial court and raises the claim now advanced for the first time on appeal. This failure precludes appellate review. MCR 6.311(C).

VIII

Defendant argues that he is entitled to resentencing because the trial court made an independent finding of guilt regarding an arson charge that was dismissed pursuant to the plea agreement in this case, and for which there was no proof of defendant's guilt, and then sentenced defendant on the basis of that finding. Defendant mischaracterizes the record.

A trial court may not make an independent finding of guilt and then sentence a defendant on the basis of that finding. *People v Shavers*, 448 Mich 389, 393; 531 NW2d 165 (1995); *People v Grimmett*, 388 Mich 590, 607-608; 202 NW2d 278 (1972). Our review of the trial

court's sentencing articulation reveals that the court's reference to the arson charge constituted nothing more than a statement of the fact that the arson charge was about to be dismissed pursuant to the terms of the plea agreement used to secure defendant's habitual offender conviction. The trial court made no statements during its sentencing articulation from which we can infer that the court made an independent finding of guilt regarding the arson charge and then sentenced defendant as an arsonist.

IX

Defendant further argues that he is entitled to resentencing because the trial court relied on constitutionally infirm and nonexistent prior convictions to score Prior Record Variables 3, 4, and 5. Defendant failed to challenge the scoring of these variables during sentencing and, therefore, failed to create an evidentiary record upon which we can rely to assess the merits of his claims. We decline to grant defendant's request for a remand. A remand is unnecessary where the record establishes that the sentence was not based on inaccurate information, including invalid convictions. *Hernandez, supra* at 11, n 13. A remand is unnecessary in this case because the sentencing guidelines do not apply to habitual offender convictions, *People v Cervantes*, 448 Mich 620, 625 (RILEY, J.), 630 (CAVANAGH, J.); 532 NW2d 831 (1995), and the trial court did not rely on the guidelines when fashioning defendant's sentences.

X

Finally, defendant argues that his twenty-five-year minimum sentence violates the principle of proportionality. We disagree. Defendant's sentence repre-

sents a proportionate enhancement of his sentence for the underlying armed robbery conviction. Defendant was one of three armed individuals who approached the three victims, ordered them from their vehicle, and ordered them to empty their pockets. One of the victims was shot in the leg while fleeing. Shots were also fired at another victim as he attempted to drive away from the scene, causing the vehicle to swerve and strike a parked vehicle and a tree. Defendant's criminal history reveals that defendant exhausted all the resources available to him in the juvenile court without being rehabilitated.

Moreover, although defendant was only eighteen years of age at the time of sentencing, his convictions in this case constituted his third and fourth felony convictions; defendant has two prior convictions for drug offenses. The second drug offense was committed approximately three weeks after defendant was sentenced for his first drug offense and the instant armed robbery was committed while defendant was released on bond for the second drug offense. His adult record evidences a rapid progression to violent crime. Likewise, his institutional conduct reflects that defendant is assaultive, contemptuous of authority, and unable to comply with the norms of accepted behavior. Also, defendant's habitual offender plea in this case was secured by a plea bargain pursuant to which a charge of being a third-offense habitual offender was dismissed and arson and habitual offender charges were dismissed in another criminal action. Defendant's sentence is entirely proportionate to the seriousness of the offense and the circumstances of the offender. *People v Houston*, 448 Mich

312; 532 NW2d 508 (1995); *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990).

Affirmed.