# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 1, 2015

Plaintiff-Appellee,

v

No. 322420
Jackson Circuit Court
LC No. 12-004778-FC

WILLIAM CODY SCHAEFER,

Defendant-Appellant.

Before: METER, P.J., and BORRELLO and BECKERING, JJ.

PER CURIAM.

A jury convicted defendant of two counts of assault of a prison employee, MCL 750.197c(1), but acquitted him of two counts each of assault with intent to commit murder, MCL 750.83, and assault with intent to do great bodily harm less than murder, MCL 750.84. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to a prison term of 76 to 240 months for each conviction, to be served concurrently with each other but consecutively to the sentence defendant was serving at the time he committed the offenses. Defendant appeals as of right. We affirm defendant's convictions, but remand for further determinations regarding defendant's sentences.

Defendant was convicted of physically assaulting two correctional officers in the housing unit in which defendant resided. The assault occurred when the officers were distributing commissary items to prisoners at the correctional facility. The prosecution alleged that defendant, an inmate at the facility, struck an officer, pushed another, and attempted to push both officers off the fourth floor gallery walk. Defendant presented several witnesses who admitted viewing the altercation, but denied seeing defendant attempt to push the officers off the gallery walk. The jury convicted defendant of both counts of assault of a prison employee, but acquitted him of the remaining charges of assault with intent to commit murder or assault with intent to do great bodily harm less than murder.

On appeal, defendant first argues that the offense of simple assault is a necessarily included lesser offense of assault of a prison employee and that the trial court erred by denying his request to instruct the jury on simple assault.

Waiver constitutes the intentional abandonment of a known right. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). A party who waives a known right cannot seek appellate review of a claimed deprivation of the right. *Id.* Although the transcript is not entirely clear

-1-

because multiple people were speaking at one time, it in fact appears that defense counsel was *affirmatively stating* that the defense was not requesting the instruction on simple assault as a lesser offense for the charge of assault of a prison employee, thus waiving the present issue. At any rate, even if the issue was not waived, appellate relief is unwarranted.

Because defendant did not request an instruction on simple assault as a lesser offense of assault of a prison employee,[1] appellate review is limited to ascertaining whether plain error occurred that affected defendant's substantial rights. *People v Young*, 472 Mich 130, 135; 693 NW2d 9801 (2005); *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

An instruction on a necessarily included lesser offense is proper if the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser offense and the instruction is supported by a rational view of the evidence. MCL 768.32(1); *People v Reese*, 466 Mich 440, 446; 647 NW2d 498 (2002). An offense is necessarily included if the elements of that offense are subsumed within the elements of the greater offense. *People v Wilder*, 485 Mich 35, 41; 780 NW2d 265 (2010).

Defendant was convicted of violating MCL 750.197c(1), which indicates that "[a] person lawfully imprisoned in a . . . place of confinement established by law for any term . . . who, without being discharged from the place of confinement, . . . assaults an employee of the place of confinement . . . knowing the person to be an employee . . . is guilty of a felony . . . ." The statute requires an assault, plus additional elements. Therefore, an assault is a necessarily included lesser offense of assault of a prison employee. However, to be entitled to a lesser offense instruction, the lesser offense must also be supported by a rational view of the evidence.

Defendant relies on *Hamed v Wayne Co*, 490 Mich 1; 803 NW2d 237 (2011), as support for his argument. In that case, the plaintiff was sexually assaulted by a sheriff's deputy when she was incarcerated in the Wayne County Jail. *Id*. at 6. The *Hamed* Court held that the defendants could not be found vicariously liable for the assault because the deputy was acting outside the scope of his employment when the deputy committed the unforeseeable criminal act. *Id*. at 11, 36. Defendant's reliance on *Hamad* is misplaced. That case concerned a claim under the Civil Rights Act, MCL 37.2101 *et seq*., involving a criminal act by the sheriff's deputy. In this case, the correctional officers were not charged with any criminal offense, and no evidence supported a finding that the officers were not acting within the scope of their employment when the incident occurred. Defendant did not dispute that the officers were employed as corrections officers at a place of confinement or that he was imprisoned at the facility, and the undisputed evidence indicated that defendant's altercation with the officers occurred as they were distributing commissary items to prisoners during the course of their employment. No rational view of the evidence would have permitted the jury to find that defendant committed an assault against the officers while they were not employees at a place of confinement, or that defendant

---

[1] Defendant was charged in the information with assault with intent to commit murder, assault with intent to commit great bodily harm less than murder, and assault of a prison employee. Defense counsel requested an instruction on simple assault as a lesser offense of assault with intent to murder and assault with intent to commit great bodily harm less than murder.

was not a prisoner, at the time of the assault. Accordingly, failure to instruct on simple assault as a lesser included offense of assault of a prison employee was not plain error. The trial court's failure to instruct on that offense did not deny defendant due process. See *Scott v Elo*, 302 F3d 598, 606 (CA 6, 2002).

Next, defendant argues that the trial court erred by requiring him to appear before the jury while shackled to the courtroom floor. We review for an abuse of discretion a trial court's decision to grant or deny a defendant's request to remove shackles. *People v Dixon*, 217 Mich App 400, 404-405; 552 NW2d 663 (1996).

Absent extraordinary circumstances, a defendant has a right to be free of shackles or handcuffs in the courtroom as an element of the right to a fair trial. *People v Payne*, 285 Mich App 181, 186; 774 NW2d 714 (2009). Shackles are permitted "on a finding supported by record evidence that this is necessary to prevent escape, injury to persons in the courtroom or to maintain order." *People v Dunn*, 446 Mich 409, 425; 521 NW2 255 (1994).

Defendant argues that the trial court failed to make sufficient particularized findings to support its decision to require him to remain in shackles. See *United States v Miller*, 531 F3d 340, 345 (CA 6, 2008). Defendant asserts that the trial court should have held a hearing to gather evidence on which to base its decision. See, e.g., *Kennedy v Cardwell*, 487 F2d 101, 107, 110 (CA 6, 1973). We disagree.

The trial court based its decision to deny defendant's request to remove the shackles on the facts that defendant had prior convictions involving fleeing or resisting, that defendant was on trial for assaulting corrections officers, that the design of the courthouse would allow defendant to disappear quickly if he managed to get out the door, and that defendant was wearing street clothes and would be able to blend in easily with other persons if he managed to leave the courtroom. These findings were specific to defendant's case and demonstrated that shackles were necessary to prevent defendant's escape and to maintain order in the courtroom. Accordingly, the trial court did not abuse its discretion by denying defendant's request to remove the shackles. Moreover, because the facts on which the court relied were already a matter of record, the trial court was not required to hold an evidentiary hearing.

Further, a defendant who seeks relief from a conviction based on the fact that the jury viewed him in shackles is required to show that he was prejudiced as a result. *People v Horn*, 279 Mich App 31, 37; 755 NW2d 212 (2008). The record discloses that the jury pool was aware that defendant was shackled to the floor. Although one potential juror stated that the fact that defendant was shackled would make it difficult for him to be impartial, that juror was dismissed for cause. Immediately thereafter, the trial court advised the jurors that the offense from which the charges arose took place in a correctional facility and that it should come as no surprise that some precautions would be taken for that reason. No other prospective juror raised concerns about the fact that defendant was shackled. We conclude, in light of all the circumstances, that defendant has not demonstrated that he was prejudiced because the jury viewed him in shackles.

Finally, defendant argues that the trial court violated his Sixth Amendment right to a jury trial by relying on facts not found by the jury or admitted by defendant to increase the floor of

the sentencing guidelines, contrary to *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013). We agree and remand for further inquiry regarding defendant's sentences.

In *Apprendi v New Jersey*, 530 US 466, 490; 120 S Ct 2348; 147 L Ed 2d 435 (2000), the United States Supreme Court held that the Sixth and Fourteenth Amendments to the United States Constitution prohibit the increase of a maximum sentence based on judicial fact-finding. The *Apprendi* Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id*. In *Alleyne*, the Supreme Court extended the *Apprendi* rule to mandatory minimum sentences; the *Alleyne* Court held that facts that increase a mandatory minimum sentence must be found by a jury. *Alleyne*, 133 S Ct at 2163.

In *People v Lockridge*, 498 Mich 358; ___ NW2d ___ (2015) (Docket No. 149073), cert pending, the Michigan Supreme Court extended *Alleyne* to Michigan's sentencing scheme. The *Lockridge* Court held that Michigan's sentencing guidelines scheme violates the Sixth Amendment because the guidelines allow a trial court to use facts found by a preponderance of the evidence to score the offense variables (OVs) and to increase the bottom (i.e., the floor) of the sentencing guidelines range. See *id*. at ___; slip op at 11. The *Lockridge* Court struck down the mandate in MCL 769.34(2)—that a trial court impose a sentence within the guidelines range—if that range resulted from facts beyond those found by a jury beyond a reasonable doubt or admitted by the defendant. *Lockridge*, 498 Mich at ___; slip op at 29. The *Lockridge* Court also struck down the requirement in MCL 769.34(3) that a trial court articulate substantial and compelling reasons if it departs from the guidelines. *Lockridge*, 498 Mich at ___; slip op at 2. Trial courts must still determine the applicable guidelines range and take that range into account when imposing sentence. *Id*. A range calculated in violation of *Alleyne* is advisory only. *Id*. The *Lockridge* Court concluded:

> To make a threshold showing of plain error that could require resentencing, a defendant must demonstrate that his or her OV level was calculated using facts beyond those found by the jury or admitted by the defendant and that a corresponding reduction in the defendant's OV score to account for the error would change the applicable guidelines minimum sentence range. If a defendant makes that threshold showing and was not sentenced to an upward departure sentence, he or she is entitled to a remand for the trial court for that court to determine whether plain error occurred, i.e., whether the court would have imposed the same sentence absent the unconstitutional constraint on its discretion. If the trial court determines that it would not have imposed the same sentence but for the constraint, it must resentence the defendant. [*Id*. at ___; slip op at 36-37.]

This procedure was modeled on the procedure adopted in *United States v Crosby*, 397 F3d 103 (CA 2, 2005). See *Lockridge*, 498 Mich at ___; slip op at 33.[2]

We agree with defendant that the trial court's scoring of OVs 3, 4, 12, and 19 was based on facts not found by the jury or admitted by defendant. Specifically, the jury did not find, nor did defendant admit, (1) that one of the correctional officers sustained a bodily injury requiring medical treatment to support the 10-point score for OV 3, MCL 777.33(1)(d); (2) that one of the correctional officers sustained a psychological injury requiring professional treatment to support the 10-point score for OV 4, MCL 777.34(1)(a); (3) that defendant committed three or more contemporaneous and felonious criminal acts against a person to support the 25-point score for OV 12, MCL 777.42(1)(a); or (4) that defendant's assaults threatened the security of a penal institution to support the 25-point score for OV 19, MCL 777.49(a).

Further, the 70 points attributable to the scoring of OVs 3, 4, 12, and 19 affect defendant's placement in the cell of the sentencing grid under which he was sentenced. Had those variables not been scored, defendant's OV score would be reduced to 10 points, placing him in OV Level II (10-24 points) instead of OV Level VI (75+ points), which, combined with defendant's placement in PRV Level F, would reduce the guidelines range from 24 to 76 months to 12 to 48 months, as enhanced for defendant's fourth-offense habitual offender status. MCL 777.66; MCL 777.21(3)(c). Thus, defendant's guidelines range was unconstitutionally constrained by a violation of the Sixth Amendment. *Lockridge*, 498 Mich at ___; slip op at 32. Therefore, we remand this case for further determinations regarding defendant's sentences in accordance with the procedure outlined in *Lockridge*, *id*. at ___; slip op at 33-36.

We affirm defendant's convictions, but remand for further determinations regarding defendant's sentences in accordance with this opinion. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ Stephen L. Borrello

---

[2] Although the *Lockridge* Court adopted this procedure in the context of addressing an unpreserved claim of error, this Court recently held in *People v Stokes*, ___ Mich App ___; ___ NW2d ___ (2015) (Docket No. 321303); slip op at 11, that the *Crosby* remand procedure applies "to both preserved and unpreserved errors."