# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

NOAH TANIAL PARKER,

        Defendant-Appellant.

UNPUBLISHED
March 27, 2018

No. 335165
Genesee Circuit Court
LC No. 15-037150-FC

Before: MURRAY, P.J., and CAVANAGH and FORT HOOD, JJ.

CAVANAGH, J. (*dissenting*).

I respectfully dissent from the majority's decision to affirm defendant's departure sentence for voluntary manslaughter. I would vacate the sentence because the trial court relied on an impermissible sentencing factor and imposed a sentence without adequately justifying the extent of the departure as required under the principle of proportionality.

First, as defendant argues, the trial court based its departure sentence on an impermissible independent finding of guilt on the first-degree murder charge. "A trial court may not make an independent finding of guilt and then sentence a defendant on the basis of that finding." *People v Dixon*, 217 Mich App 400, 410; 552 NW2d 663 (1996). During the sentencing proceeding the trial court made numerous and repeated statements which indicated that it believed defendant should have been convicted of first-degree murder and that there was no basis for the jury verdict. The court specifically refuted the jury's implicit finding that the victim was armed with a machete which served as provocation for the voluntary manslaughter conviction stating, for example: "I do not believe for a minute he had a weapon on him at the time you shot him." The court then relied on its independent finding as a reason for justifying the departure sentence imposed, in effect punishing defendant in contravention to the jury's verdict. Therefore, I would hold that defendant is entitled to be resentenced. See *People v Fortson*, 202 Mich App 13, 21; 507 NW2d 763 (1993).

Second, the trial court imposed a departure sentence without adequately justifying the extent of the departure as required under the principle of proportionality. While I agree with the majority that the trial court did not violate the principle of proportionality by deciding that a departure sentence was warranted, the court's conclusion that defendant's "egregious" conduct warranted the maximum sentence possible is insufficient. See *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "A sentence cannot be upheld when the connection between

-1-

the reasons given for departure and the extent of the departure is unclear." *People v Smith*, 482 Mich 292, 304, 311; 754 NW2d 284 (2008). In other words, if the trial court fails to provide "adequate reasons for the extent of the departure sentence imposed," then the trial court has abused its discretion in applying the principle of proportionality. *People v Steanhouse*, 500 Mich 453, 476; 902 NW2d 327 (2017). Consequently, I would vacate the departure sentence and remand for resentencing.

/s/ Mark J. Cavanagh