*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

No. 343245
Saginaw Circuit Court
LC No. 16-042689-FH

CARL JOSEPH WARDELL,

Defendant-Appellant.

UNPUBLISHED
April 9, 2019

Before: SWARTZLE, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Defendant pleaded guilty to breaking and entering a building with intent to commit a larceny, MCL 750.110. Defendant's plea bargain included a *Cobbs*[1] agreement that he would receive a minimum sentence within the recommended sentencing-guidelines range, which defense counsel initially estimated to be 11 to 46 months. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to serve 6 to 30 years in prison, which was within the applicable guidelines range as calculated at sentencing. Defendant appeals by leave granted,[2] arguing that he is entitled to resentencing with specific performance of a minimum sentence within the guidelines range as estimated by defense counsel at the time of the plea. We affirm.

## I. BACKGROUND

Police arrested defendant for breaking into a restaurant in Saginaw and taking food and electronic equipment. A police officer took defendant to a hospital after he was arrested, but defendant fled the hospital. The prosecutor charged defendant with breaking and entering a building with intent to commit a larceny, MCL 750.110, escaping lawful custody, MCL

---

[1] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

[2] *People v Wardell*, unpublished order of the Court of Appeals, entered May 23, 2018 (Docket No. 343245).

750.197a, and possession of burglar's tools, MCL 750.116. During this same period, the prosecutor charged defendant with various offenses in several additional case files in the trial court.

At defendant's first plea hearing, he requested a *Cobbs* hearing and the trial court told him, "I said I would stay within the guidelines, and I probably won't max you out. But I am not going to promise you anything until I read your presentence report." The trial court stated that, if defendant pleaded guilty, it would sentence defendant "within the guidelines" and that it would impose a minimum sentence "somewhere in between" 72 months and 240 months. The trial court also stated that, if defendant proceeded to trial, he faced a maximum penalty of up to 20 years in prison, and explained that it might impose a minimum sentence that exceeded the guidelines, given defendant's felony record and the fact that defendant faced additional criminal charges in several additional case files. Defendant stated that "it would be a lot easier" to decide whether to accept the plea agreement if he knew the exact sentence that the trial court would impose. The trial court again stated that it would "stay within the guidelines," but would make no other promises until the trial court read defendant's PSIR. Defendant pleaded guilty to the charges of breaking and entering and escaping lawful custody in exchange for the prosecutor's dismissal of the charge of possession of burglar's tools. Defendant later moved to withdraw his plea and the trial court granted his request.

Subsequently, the prosecutor and defendant reached a second plea agreement under which defendant agreed to plead guilty to one of the charges in this case and admit his status as a fourth-offense habitual offender in exchange for dismissal of the charges in several of the other case files. At defendant's second plea hearing, defense counsel and the prosecutor placed the new plea agreement on the record:

> *Defense Counsel*: [T]here is a plea agreement in the case that if [defendant] pleads in the case that was set for today the balance of the cases would be dismissed. And, additionally, the Court has agreed to stay within the guidelines which were estimated to be 11 to 46 months on these charges . . . .
>
> *Prosecutor*: That is correct, your Honor. . . . Our offer was to plead to Count I, acknowledge [habitual offender] fourth in this file and we will dismiss the other two counts in this file as well as the other pending matters in Saginaw County.

The trial court stated that it had "also agreed to stay within the sentencing guidelines." Furthermore, the trial court informed defendant that it would allow him to withdraw his plea if the trial court could not follow the sentencing agreement. In accordance with the agreement, defendant pleaded guilty to the charge of breaking and entering a building with intent to commit a larceny.

At sentencing, the trial court said that defense counsel "estimated the guidelines to be less than what they are today, but he also indicated it was an estimate . . . . He estimated the guidelines to be 11 to 46 months. As scored today they are 29 to 114 months." Defense counsel noted that there was some discrepancy in the presentence investigation report (PSIR) regarding the recommended-guidelines range. The author of the PSIR scored the guidelines at 19 to 76

months in prison, but the sentencing-investigation report indicated that the recommended minimum sentence under the guidelines was 29 to 114 months in prison. The trial court stated, "[T]he actual guidelines, when properly scored, came to 29 to 114. I am going to stay within the 19 to 76 guideline range. . . . I determined that 72 months on his minimum would be fair in this case."

Defense counsel asked the trial court to sentence defendant to a minimum sentence within the initially evaluated guidelines range because that is the range defendant relied on when he entered the plea agreement. The trial court responded, "The plea agreement states I will stay within the guidelines. And you estimated the guidelines incorrectly . . . ." Defendant also told the trial court that he was not aware that the initial guidelines evaluation was an estimate, and the trial court told him, "It is stated right on the record it was an estimate. The words right out of your attorney's mouth was estimated guidelines." The trial court sentenced defendant, as a fourth-offense habitual offender, to a minimum of 72 months in prison.

## II. ANALYSIS

"There is no absolute right to withdraw a guilty plea once it has been accepted by the trial court." *People v Effinger*, 212 Mich App 67, 69; 536 NW2d 809 (1995). MCR 6.310(C)(1) permits a defendant to move to withdraw his or her plea in the trial court within six months after the sentence was imposed. After that time has elapsed, "the defendant may seek relief only in accordance with the procedure set forth in subchapter 6.500." MCR 6.310(C)(3). Additionally, a defendant convicted by plea agreement "may not raise on appeal any . . . claim that the plea was not an understanding, voluntary, or accurate one, unless the defendant has moved to withdraw the plea in the trial court, raising as a basis for withdrawal the claim sought to be raised on appeal." MCR 6.310(D).

Defendant argues that he is entitled to withdraw his guilty plea because he believed that he would receive a minimum sentence within the range of 11 to 46 months, yet the trial court imposed a minimum sentence of 72 months in prison. Defendant failed to file a motion to withdraw his plea in the trial court and raises the claim now advanced for the first time on appeal. This failure precludes appellate review of his claim. *People v Baham*, 321 Mich App 228, 234; 909 NW2d 836 (2017); *People v Armisted*, 295 Mich App 32, 46; 811 NW2d 47 (2011); *People v Dixon*, 217 Mich App 400, 410; 552 NW2d 663 (1996).

Moreover, even if we considered the merits of defendant's claim, we would conclude that defendant is not entitled to relief. Defendant's plea agreement entitled him to a sentence within the guidelines range, which is precisely what he received. Accordingly, defendant would not have been entitled to withdraw his plea on the basis that the trial court did not sentence him in conformity with the plea agreement. See MCR 6.310(B)(2); *People v Eloby (After Remand)*, 215 Mich App 472, 475-476; 547 NW2d 48 (1996).

Affirmed.

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron