*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 17, 2020

Plaintiff-Appellee,

v

No. 347908
Kent Circuit Court
LC No. 17-010871-FH

CHAD MICHAEL VARNEY,

Defendant-Appellant.

Before: RONAYNE KRAUSE, P.J., and MARKEY and BORRELLO, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order revoking defendant's probation on an aggravated stalking conviction, MCL 750.411i, and defendant's sentence to a prison term of 30 months to 5 years. On appeal, defendant argues that his conduct in looking at his ex-wife's LinkedIn profile did not violate the conditions of his probation, even though he pleaded guilty to it as a probation violation. Moreover, defendant asserts that his 30-month minimum sentence was unreasonable and disproportionate to the offense. We affirm the probation violation and revocation and the sentence the trial court imposed.

This case arises out of defendant's violation of a personal protection order (PPO) obtained by the victim, defendant's ex-wife. In January 2018, defendant pleaded guilty to aggravated stalking on the basis of his violation of the PPO. As part of the plea deal, the prosecution agreed to dismiss the habitual offender notice, forgo adding any more charges arising out of defendant's conduct, and to the imposition of a sentence within the range of 0 to 11 months. Defendant was on probation for operating a vehicle under the influence of intoxicating liquor (OUIL), third-offense, MCL 257.625, when he violated the PPO. Therefore, defendant's aggravated stalking

---

[1] Defendant sought leave to appeal the probation violation and his sentence, which this Court denied. *People v Varney*, unpublished order of the Court of Appeals, entered April 12, 2019 (Docket No. 347908). Defendant then filed an application for leave to appeal in the Michigan Supreme Court. In lieu of granting leave, the Supreme Court remanded the case to this Court for consideration as on leave granted. *People v Varney*, 505 Mich 864 (2019).

conviction resulted in a violation of his probation. Defendant pleaded guilty to the probation violation. The trial court accepted defendant's plea and then proceeded to sentence defendant to 11 months in jail pursuant to the sentencing agreement and 60 months' probation during which defendant was to have no contact with the victim. Defendant was released from jail on August 6, 2018. The victim provided testimony in the couple's divorce case on August 10, 2018, in which she stated that she had obtained new employment. Two days later, the victim received a notification that defendant viewed her LinkedIn profile, which is a professional networking or social media site. At a hearing, defendant pleaded guilty to violating his probation. The trial court accepted defendant's plea and sentenced him to 30 months to 5 years' imprisonment, which represented an upward departure from defendant's calculated minimum sentence guidelines range of 7 to 23 months. Defendant never moved to withdraw his plea. This appeal followed.

Defendant first argues that viewing his ex-wife's LinkedIn profile was not a sufficient factual basis to establish that he violated his probation conditions. In accepting a guilty plea to a probation violation, a trial court must "establish factual support for a finding that the probationer is guilty of the alleged violation." MCR 6.445(F)(4). MCR 6.310(D) provides as follows:

> A defendant convicted on the basis of a plea may not raise on appeal any claim of noncompliance with the requirements of the rules in this subchapter, *or any other claim that the plea was not an understanding, voluntary, or accurate one*, unless the defendant has moved to withdraw the plea in the trial court, raising as a basis for withdrawal the claim sought to be raised on appeal. [Emphasis added.[2]]

In *People v Baham*, 321 Mich App 228, 235; 909 NW2d 836 (2017), this Court, construing MCR 6.310(D), observed:

> Defendant's challenge to the factual basis for his plea implicates the accuracy of his plea, and thus his claim falls squarely within the ambit of MCR 6.310(D). Because a motion to withdraw a plea constitutes a prerequisite for challenging the accuracy of a plea and defendant has not filed such a motion, our direct substantive review of this appellate argument is precluded under MCR 6.310(D).

In *People v Armisted*, 295 Mich App 32, 48; 811 NW2d 47 (2011), this Court, citing MCR 6.310(D), similarly stated that "[b]ecause defendant failed to file a motion to withdraw his plea in the circuit court, appellate review . . . is precluded." See also *People v Dixon*, 217 Mich App 400, 410; 552 NW2d 663 (1996) ("Defendant failed to file a motion to withdraw his plea in the trial court and raises the claim now advanced for the first time on appeal. This failure precludes appellate review.").

---

[2] The provision covering probation violations and the need for a factual basis, MCR 6.445(F)(4), is not found in Subchapter 6.300; however, questions regarding the factual basis of a guilty plea implicate the accuracy of the plea; thus, the requirement in MCR 6.310(D) to move to withdraw a plea in order to mount an appellate challenge applies to probation-violation pleas.

In light of MCR 6.310(D) and the caselaw, defendant's failure to seek withdrawal of his guilty plea in the trial court precludes appellate review concerning the accuracy or factual basis of his plea. Accordingly, we reject defendant's challenge of his guilty plea.[3]

Next, defendant argues that his 30-month minimum sentence was disproportionate to the offense. We disagree. This Court reviews for reasonableness "[a] sentence that departs from the applicable guidelines range." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). In *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017), our Supreme Court provided elaboration on the "reasonableness" standard, stating:

> [T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the "principle of proportionality" set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), "which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender."

Factual findings related to a departure must be supported by a preponderance of the evidence and are reviewed for clear error. *People v Lawhorn*, 320 Mich App 194, 208-209; 907 NW2d 832 (2017). For purposes of sentencing, "a court may consider all record evidence, including the contents of a PSIR,[4] plea admissions, and testimony presented at a preliminary examination." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015).

The key test is not whether a sentence departs from or adheres to the guidelines range; it is whether the sentence is proportionate to the seriousness of the matter. *Steanhouse*, 500 Mich at 472. "The premise of our system of criminal justice is that, everything else being equal, the more egregious the offense, and the more recidivist the criminal, the greater the punishment." *People v Babcock*, 469 Mich 247, 263; 666 NW2d 231 (2003). Sentencing judges are "entitled to depart from the guidelines if the recommended ranges are considered an inadequate reflection of the proportional seriousness of the matter at hand." *Milbourn*, 435 Mich at 661. A sentence within the guidelines might be disproportionality lenient. *Id.* "Where a defendant's actions are so egregious that standard guidelines scoring methods simply fail to reflect their severity, an upward departure from the guidelines range may be warranted." *People v Granderson*, 212 Mich App 673, 680; 538 NW2d 471 (1995). In *People v Steanhouse*, 313 Mich App 1, 46; 880 NW2d 297 (2015), aff'd in part, rev'd in part on other grounds 500 Mich 453 (2017), this Court indicated:

> Factors previously considered by Michigan courts under the proportionality standard included, among others, (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the

---

[3] The Supreme Court's order remanding the case to this Court for consideration as on leave granted simply requires us to treat the appeal as an appeal of right. It does not in any form or manner mandate us to substantively address the merits of defendant's argument regarding the factual basis of his guilty plea. *Varney*, 505 Mich 864. MCR 6.310(D) precludes appellate review.

[4] PSIR stands for presentence investigation report.

defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [Citations omitted.]

"[A] trial court must justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017) (quotation marks and citations omitted). We note that our Supreme Court has now held "that due process bars sentencing courts from finding by a preponderance of the evidence that a defendant engaged in conduct of which he was acquitted." *People v Beck*, 504 Mich 605, 629; 939 NW2d 213 (2019).

In this case, defendant's minimum sentence of 30 months exceeded the top end of the guidelines by seven months. In support of the upward departure, the trial court explained that it did not believe that the guidelines adequately considered defendant's continual violations of court orders and his failure to take probation conditions seriously. The trial court indicated that defendant was on probation for a third-offense OUIL when he violated the PPO, and then as soon as defendant was released from jail for that violation, he violated his probation by viewing the victim's LinkedIn profile after the court expressly warned him at sentencing to have absolutely no contact with the victim.

Moreover, at defendant's initial sentencing hearing, the trial court noted the severity of defendant's conduct in violating the PPO. According to the court, defendant did just about everything a person could possibly do to harass and scare the victim. The trial court explained that it would follow the plea agreement in determining defendant's sentence, but it warned defendant that without the agreement the court would have sentenced defendant to prison and that there were clearly reasons to go above the sentencing guidelines in the matter.

Considering the record and the trial court's statements at both sentencing hearings, we conclude that the court did not abuse its discretion in sentencing defendant. The seven-month departure was fully supported by defendant's extreme behavior in violating the PPO, his criminal history, and defendant's inclination to violate court orders and his probation conditions. Moreover, the victim presented a detailed statement explaining how defendant's conduct had negatively impacted her life. Defendant's probation officer also expressed concern regarding the victim's safety and told the trial court that it did not have any other choice but to sentence defendant to prison. These circumstances were not accounted for in the guidelines. In sum, the minimum sentence of 30 months' imprisonment was "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Milbourne*, 435 Mich at 636.

We affirm.


/s/ Amy Ronayne Krause
/s/ Jane E. Markey
/s/ Stephen L. Borrello