# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CORDNEY SHEROD STUBBS-WILLIAMS,

        Defendant-Appellant.

UNPUBLISHED
February 27, 2018

No. 334856
Oakland Circuit Court
LC No. 2016-257766-FC

---

Before: GLEICHER, P.J., and BORRELLO and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a), and second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a). The trial court sentenced defendant to concurrent prison terms of 25 to 60 years for the CSC-I conviction and 10 to 15 years for the CSC-II conviction. We affirm.

Defendant was convicted of sexually molesting his six-year-old daughter. The victim lived with defendant during a seven-month period in 2015 when she was six years old. The victim testified that, during this period, defendant touched her "bad part," which she clarified to mean her anus, with his "bad part," which she clarified to mean his penis. She stated that defendant pulled down her pants and inserted his penis into her anus. According to the victim, this happened "a lot of times." At trial, the prosecutor introduced, pursuant to MCL 768.27a, evidence that several years earlier defendant sexually assaulted his cousin, LM, who was six or seven years old at the time. LM testified that when defendant spent the night at her house, he took off her underwear and inserted his penis into her vagina. LM also testified that, on another occasion, defendant took LM and her cousin, VT, who was eight years old at the time, into a room at his home and made LM watch while defendant touched VT in an inappropriate manner.

## I. ADMISSION OF OTHER ACTS EVIDENCE

On appeal, defendant challenges the trial court's decision to admit LM's testimony under MCL 768.27a. Defendant does not dispute that the testimony qualified for admission under this statute, but argues that the trial court abused its discretion by failing to exclude the evidence under MRE 403. We review for an abuse of discretion a trial court's decision to admit or exclude evidence. *People v King*, 297 Mich App 465, 472; 824 NW2d 258 (2012).

-1-

The trial court admitted LM's testimony under MCL 768.27a, which provides that "in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." Evidence that is admissible under MCL 768.27a may be excluded, however, under MRE 403 when "its probative value is substantially outweighed by the danger of unfair prejudice." See also *People v Watkins*, 491 Mich 450, 487; 818 NW2d 296 (2012) (holding that evidence admissible under MCL 768.27a may be excluded as overly prejudicial under MRE 403). In determining whether evidence admissible under MCL 768.27a should be excluded under MRE 403, the court should consider (a) the similarly between the other acts and the charged offense; (b) the temporal relationship between the other acts and the charged offense and the presence of any relevant intervening acts; (c) the frequency of the other acts; (d) the reliability of the other-acts evidence; and (e) the need for other-acts evidence given the other evidence available to the parties. *Id*. at 487-488.

In support of his argument that LM's testimony should have been excluded under MRE 403, defendant emphasizes that he was charged with engaging in anal penetration of his daughter, whereas LM testified that he engaged in touching and vaginal penetration with her. In addition, the other acts allegedly occurred 10 years before the charged acts. Defendant further asserts that the evidence of the other acts consisted only of testimony from LM, and her testimony was not needed to prove the instant charges.

Although the sexual abuse of LM and VT allegedly took place approximately 11 years before the charged act, that fact, standing alone, does not preclude admission of the other-acts evidence. *People v Solloway*, 316 Mich App 174, 195; 891 NW2d 255 (2016). In this case, the victim is defendant's young daughter; the other-acts evidence involved defendant's sexual abuse of his young female cousins. LM and VT were approximately the same age as the victim when the acts allegedly occurred. Both cases involved alleged sexual penetration, albeit of different types. No intervening acts would weigh against admissibility of this evidence, and there is no indication that LM's testimony was unreliable. Moreover, the absence of eyewitnesses or physical evidence to support the victim's allegations in this case enhanced the probative value of the other acts evidence. The similarities between the victim's testimony and LM's testimony, and consideration of the other *Watkins* factors, weigh in favor of admission of the other-acts evidence. Accordingly, the trial court did not abuse its discretion by failing to exclude the testimony under MRE 403. See *id*. at 194-196.

## II. DEFENDANT'S STANDARD 4 BRIEF

Defendant raises additional issues in a pro se supplemental brief, filed under Supreme Court Administrative Order No. 2004-6, Standard 4, none of which warrant relief.

## A. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant first argues that defense counsel made several errors that deprived him of the effective assistance of counsel. Because defendant did not raise an ineffective assistance of counsel issue before the trial court, our review of this issue is limited to mistakes apparent from the record. *People v Mack*, 265 Mich App 122, 125; 695 NW2d 342 (2005).

Counsel is presumed to have afforded effective assistance, and defendant bears the burden of proving otherwise. *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). To establish ineffective assistance of counsel, defendant must show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's error, the result of the proceeding would have been different. *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001). Defense counsel has wide discretion regarding matters of trial strategy. *People v Heft*, 299 Mich App 69, 83; 829 NW2d 266 (2012). "Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy." *Rockey*, 237 Mich App at 76 (internal citations omitted). "This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight." *Id*. at 76-77.

Defendant complains that defense counsel became argumentative and confrontational when cross-examining the victim's mother. The record discloses that counsel's cross-examination of the witness was, at times, contentious. The exchange about which defendant complains took place when counsel attempted to elicit what the victim told the witness about defendant's alleged conduct. Both defense counsel and the witness talked over one another, but stopped when the trial court instructed them to do so. Considering that defense counsel's cross-examination of witnesses is a matter of trial strategy, and that the trial court intervened when necessary to maintain order, defendant has not established that counsel's cross-examination of the witness deprived him of the effective assistance of counsel. Moreover, given the strength of the victim's testimony regarding defendant's actions and the properly admitted other-acts evidence from LM, there is no reasonable probability that the exchange at issue affected the outcome of defendant's trial.

Defendant next argues that defense counsel was ineffective for failing to file an interlocutory application for leave to appeal the trial court's decision to admit LM's testimony under MCL 768.27a. Because the trial court did not abuse its discretion by admitting LM's testimony under MCL 768.27a, an interlocutory appeal would have been meritless. Counsel is not required to file a meritless action, *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000), and defendant's argument is without merit.

Defendant also asserts that defense counsel was ineffective for failing to call other witnesses. Because defendant fails to identify the witnesses that counsel should have called or explain what testimony other witnesses could have offered, defendant's argument is likewise without merit. *People v Payne*, 285 Mich App 181, 195; 774 NW2d 714, 724 (2009) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority.") (internal quotation marks and citation omitted).

## B. THE PROSECUTOR'S CONDUCT

Next, defendant argues that the prosecutor's cross-examination of a defense witness and improper comments during closing argument deprived him of a fair trial. Although defendant preserved his challenge to the prosecutor's cross-examination with an appropriate objection at trial, he did not object to the prosecutor's remarks during closing and rebuttal arguments, leaving those claims unpreserved. *People v Dupree*, 486 Mich 693, 703; 788 NW2d 399 (2010). An

unpreserved issue is reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). An error is plain if it is clear or obvious, and an error affects substantial rights if it is prejudicial, i.e., if it affects the outcome of the proceedings. *People v Jones*, 468 Mich 345, 355; 662 NW2d 376 (2003).

The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial. *People v Watson*, 245 Mich App 572, 586; 629 NW2d 411 (2001). Prosecutorial misconduct issues are decided on a case-by-case basis by evaluating the prosecutor's remarks in context. *People v Noble*, 238 Mich App 647, 660; 608 NW2d 123 (1999). A prosecutor's comments must be read as a whole and evaluated in light of defense arguments and the relationship they bear to the evidence admitted at trial. *People v Schutte*, 240 Mich App 713, 721; 613 NW2d 370 (2000).

Defendant first takes issue with the prosecutor's cross-examination of defendant's father. During the cross-examination, the prosecutor asked the witness to confirm that the witness's home was not the location where defendant "sexually assaulted his cousin, [LM]." Defense counsel objected, noting that LM's testimony only involved allegations and that nothing had been determined by a fact-finder. The trial court sustained the objection and directed the prosecutor to use the word "alleged," which the prosecutor did from that point forward.

To the extent that the prosecutor's question improperly suggested that LM's testimony involved proven facts, defense counsel's timely objection protected defendant's right to a fair trial by emphasizing that LM's testimony consisted of alleged, rather than proven, conduct. The trial court also protected defendant's right to a fair trial by later instructing the jury that questions asked by the attorneys are not evidence. *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998) (stating that a jury is presumed to follow the court's instructions). Accordingly, the prosecutor's question did not deny defendant a fair trial.

Defendant also challenges the prosecutor's reliance on LM's testimony during closing and rebuttal arguments. The prosecutor argued during closing argument that defendant manipulated young "family members" because preying on young people gave defendant the best chance to avoid getting caught, and then argued in rebuttal that defendant's act of assaulting his cousin gave credence to the victim's allegations about defendant's behavior toward her.

A prosecutor is free to argue the evidence and all reasonable inferences arising from the evidence. *People v Dobek*, 274 Mich App 58, 66; 732 NW2d 546 (2007). The prosecutor's argument that defendant preyed on family members was supported by the testimony of the victim and LM. Although defendant asserts that he was never convicted of any sexual misconduct against LM, it was proper for the prosecutor to rely on LM's testimony to argue that the sexual abuse occurred and that LM's testimony supported the victim's allegations of sexual abuse. See MCL 768.27a. Moreover, because the prosecutor's comments during closing and rebuttal arguments were not improper, defense counsel was not ineffective for failing to object to the comments. *Snider*, 239 Mich App at 425.

## C. JURY SELECTION

Defendant, who is African-American, argues that the prosecutor improperly used peremptory challenges to excuse Jurors 1 and 8, who were also African-American, on the basis of their race in violation of *Batson v Kentucky*, 476 US 79, 89; 106 S Ct 1712; 90 L Ed 2d 69 (1986). He further argues that the racial composition of the jury venire did not represent a fair cross-section of the community.

Defendant's claim with respect to Juror 8 is waived. After defendant objected to the prosecutor's use of a peremptory challenge to excuse Juror 8, the prosecutor stated that he excused Juror 8 because the juror appeared to have been sleeping through much of voir dire and because the juror had also purported to speak for the entire venire at one point during voir dire. Defense counsel expressly acknowledged, and the trial court agreed, that the prosecutor's explanation was a satisfactory race-neutral reason for excusing the juror. Defense counsel's affirmative agreement that the prosecutor had provided an acceptable race-neutral reason for excusing Juror 8 waived any claim of error related to that juror's removal. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). This waiver extinguishes any error. *Id.*

Regarding Juror 1, defendant argues that the prosecutor improperly used a peremptory challenge to excuse Juror 1, whom he claims is an African-American woman, on the basis of her race, but defendant did not object to her removal at trial. Accordingly, defendant's claim is reviewed for plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 764-764. While a defendant's failure to raise a *Batson* challenge before the trial court is not necessarily fatal in all cases, here, the record contains nothing to support or refute defendant's claim that the juror was removed because of her race. Therefore, because it is not evident from the record that the prosecutor removed Juror 1 because of her race, defendant cannot establish a plain error. *Jones*, 468 Mich at 355.

Concerning defendant's argument that the jury did not represent a fair cross-section of the community, defendant did not challenge the makeup of the venire in the trial court at any point in the proceedings, and thus did not create a factual record to support his claim. Absent an appropriate factual record showing the racial composition of defendant's jury venire or the process in the county for selecting potential jurors, defendant cannot establish a plain error. See *People v Dixon*, 217 Mich App 400, 403-404; 552 NW2d 663 (1996).

## D. SUFFICIENCY OF THE EVIDENCE

Finally, defendant argues that the evidence presented at trial was insufficient to support his convictions of CSC-I and CSC-II. We review de novo a challenge to the sufficiency of the evidence. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). This Court views the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could find that the elements of the charged crimes were proven beyond a reasonable doubt. *People v Bulls*, 262 Mich App 618, 623; 687 NW2d 159 (2004).

Defendant was convicted of CSC-I for engaging in sexual penetration with a person under 13 years of age, contrary to MCL 750.520b(1)(a). "Sexual penetration" is defined in MCL 750.520a(r) as "sexual intercourse, cunnillingus, fellatio, anal intercourse, or any other intrusion,

however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required."

Defendant was convicted of CSC-II for engaging in sexual contact with a person under 13 years of age, contrary to MCL 750.520c(1)(a). "Sexual contact" is defined in MCL 750.520a(q) as including "the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification."

The victim, who was seven years old at the time of trial, testified that, on several occasions, defendant inserted his penis into her anus and that his penis also touched her buttocks. The victim's testimony, if believed, was sufficient to prove beyond a reasonable doubt that defendant committed CSC-I and CSC-II. MCL 750.520h. The trial came down to a credibility contest between the victim and defendant, and it was within the province of the jury to determine that the victim's testimony was credible. *People v Milstead*, 250 Mich App 391, 404; 648 NW2d 648 (2002).

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Stephen L. Borrello
/s/ Brock A. Swartzle